IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA WINFIELD, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-02652 |
| | § | |
| QUIKTRIP CORPORATION AND | § | |
| JORDAN CHAPMAN, | § | JURY DEMANDED |
| *Defendants*. | § | |

## DEFENDANTS' NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Jordan Chapman and QuikTrip Corporation, Defendants in the lawsuit pending as Cause No. CC-19-00294-E: "*Maria S. Winfield v. QuikTrip Corporation*" in the County Court at Law No. 5 of Dallas County, Texas, file this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.**
**BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332.  In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the <u>proper</u> parties.  Plaintiff is a citizen of the State of Texas, QuikTrip Corporation is not a citizen of the State of Texas, the citizenship of Jordan Chapman must be disregarded because he has been fraudulently joined to this suit, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

**II.**
**DIVERSITY JURISDICTION**

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Defendant QuikTrip Corporation, at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of Oklahoma with its principal place of business in Tulsa, Oklahoma. QuikTrip Corporation has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

Jordan Chapman, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen and resident of the State of Texas. However, for the reasons discussed below, Jordan Chapman is not a proper party to this action and has been improperly and/or fraudulently joined, and hence his citizenship should not be considered for purposes of removal.

**III.**
**NOTICE OF RELATED CASE**

Pursuant to Local Rules 3.3 and 81.1, Defendants have filed a Notice of Related Case, advising that this matter is the removal of a remanded case, which was previously pending as Civil Action No. 3:19-cv-00612-M before the Honorable U.S. District Judge Ada E. Brown.

**IV.**
**FACTUAL BACKGROUND**

1. Plaintiff claims in her lawsuit that, on or about October 18, 2017, she slipped and fell on water on the sidewalk of a Garland, Texas QuikTrip convenience store.[1]

---

[1] *See Plaintiff's First Amended Petition* attached hereto as Exhibit A, at p. 2, ¶¶ IV (7)-(9).

2.  Plaintiff contends that the water on the sidewalk was left over from a QuikTrip employee and part-time clerk (Jordan Chapman) using a power-washer to clean the area.[2]

3.  The incident made the basis of this lawsuit is captured on surveillance video, which shows, in relevant part:

    a.  QuikTrip employee Jordan Chapman used a power-washer to clean the left-front sidewalk and parking stalls of the store at 3:47 p.m. on October 8, 2017:[3]



---

[2] *Id.*

[3] The incorporated thumbnails are enlarged portions of still images pulled from QuikTrip's surveillance camera footage on the date of the alleged incident.  The full footage (from multiple cameras) was produced to Plaintiff in the lawsuit and has been used by Plaintiff during the deposition of Jordan Chapman, wherein he testified that he reviewed the surveillance footage, identified himself, identified Plaintiff, and identified the tasks he was performing.  *See, generally*: Deposition Excerpts of Jordan Chapman, attached as Exhibit C, at internal pp. 5:20-24; 37:12-32; 47:8-12.

Complete and unmarked copies of each of the still images herein are also attached as Exhibit B to this Notice of Removal.  A Complete copy of the Surveillance footage is attached as Exhibit D. Additionally, the thumbnails include red markings, which have been added by Defendant in an effort to aid the Court in identifying the relevant portions of the thumbnail image.

b.  At 4:00 p.m., Plaintiff Maria Winfield arrived at the store, and walked across the

wet sidewalk on her way into the store:





c.  While Plaintiff was inside the store, Jordan Chapman continued to wash the

sidewalk on the <u>right</u> side of the entrance doors:



d.  At 4:02 p.m., Plaintiff exited the store and walked down the sidewalk on the <u>left</u>

side of the entrance doors:



e.  At 4:02:47 p.m., Plaintiff slipped and/or fell on the sidewalk:



f.  At the time Plaintiff slipped, named-Defendant Jordan Chapman was positioned a

significant distance away from the incident area:



4.  As is clear from the video stills, and Plaintiff's own Petition, Plaintiff contends that she

was injured by a **condition of the premises**—specifically, a wet concrete sidewalk.

5.  Plaintiff does not reasonably articulate any contemporaneous activity of named-

Defendant Jordan Chapman which caused her injury, other than his alleged actions as an

employee in power washing the incident area previously, which allegedly created a static and unmarked premises condition which purportedly caused Plaintiff's fall.

6. Plaintiff's First Amended Petition makes clear that Plaintiff contends "[a]t all times relevant to Plaintiff's cause of action, Defendant Chapman was a Quiktrip store employee."[4]

**V.**
**PROCEDURAL BACKGROUND**

1. Plaintiff Originally filed suit against Defendant QuikTrip in January 14, 2019, in the County Court at Law No. 5 of Dallas County, Texas as Cause No. CC-19-00294-E: "*Maria S. Winfield v. QuikTrip Corporation*."

2. On February 5, 2019, Defendant QuikTrip filed its Original Answer to that state court lawsuit.

3. Plaintiff's Original Petition failed to set forth a range of damages, and therefore on February 19, 2019, Defendant sent Plaintiff a proposed stipulation, seeking clarification regarding whether Plaintiff was seeking in excess of $75,000 in her lawsuit.

4. Plaintiff opted not to adequately respond and, on March 12, 2019, Defendant filed its Notice of Removal to the U.S. District Court for the Northern District of Texas, Dallas Division, initiating Civil Action No. 3:19-cv-00612 (the "Federal Court Suit").

5. On March 13, 2019, Plaintiff filed her Motion for Remand and Memorandum in Support (Doc. 4 in the Federal Court Suit).

---

[4] *See Plaintiff's First Amended Petition* attached hereto as Exhibit A, at p. 3, ¶ V (11).

6. On April 16, 2019, the Honorable Barbara M. G. Lynn denied Plaintiff's Motion to Remand, finding complete diversity of citizenship between the parties and an amount in controversy above $75,000.  *See* Order (Doc. 8 in the Federal Court Suit).

7. On August 19, 2019, Plaintiff filed her Motion for Leave of Court to File Plaintiff's First Amended Complaint and Memorandum in Support (Doc. 22 in the Federal Court Suit), seeking to, *inter alia*, add an employee of Defendant QuikTrip as a party to the suit.

8. On October 4, 2019, the Honorable U.S. District Judge Ada E. Brown granted Plaintiff's Motion for Leave and remanded the case back to the County Court at Law No. 5, as Cause No. CC-19-00294-E: "*Maria S. Winfield v. QuikTrip Corporation*."

9. Plaintiff served Defendant Jordan Chapman with her *First Amended Petition* on October 10, 2019.

10. Defendant Jordan Chapman filed his Original Answer to the state court lawsuit on October 31, 2019.

## VI.
## IMPROPER/FRAUDULENT JOINDER

A plaintiff cannot improperly or fraudulently join a non-diverse defendant to defeat diversity jurisdiction – if such a party *is* fraudulently or improperly joined, the Court may disregard that party's citizenship for purposes of determining subject matter jurisdiction.[5]   Improper and/or fraudulent joinder can be established in two ways: (1) actual fraud in the pleading of

---

[5] *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018)(*citing Galveston Bay Biodiesel, L.P. v. Ace Am. Ins. Co.*, 719 F.Supp.2d 736, 738 (S.D. Tex. 2010); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572-73 (5th Cir. 2004) (en banc)).

jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party.[6]

It is well-established in Texas that a personal injury plaintiff can only establish a cause of action against an individual employee when that employee owes an ***independent duty of care***, ***separate and distinct from the duty of care owed by the employer***.[7]  Courts properly interpreting this exception thus look to whether the employees would be performing the negligent act or omission "[w]ere it not for their duties as… employees,"[8] and whether "the [plaintiff's] allegations are identical as to both employer and employee."[9]

There are only two circumstances under which an employee generally owes a third party such an independent duty: (1) when a statute imposes a standard of care on the employee, individually;[10] and (2) when an intentional crime or tort is alleged.[11]   In all other instances—and

---

[6]  *McKee v. Kansas City Southern Ry. Co.*, 358 F3d 329 (5th Cir. 2004) (*citing Travis v. Irby*, 326 F. 3d 644, 647 (5th Cir. 2003)).

[7]  *Tri v. J.T.T.,* 162 S.W.3d 552, 562 (Tex.2005) (*citing Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996)).

[8]  *See, e.g., Allen v. Wal-Mart Stores, LLC*, No. H-16-1428, 2017 WL 978702, *11 (S.D. Tex. March 14, 2017), *aff'd,* 907 F.3d 170 (5th Cir. 2018).

[9]  *See, e.g., Peters v. Corona*, No. 3:18-CV-1918-B, 2018 WL 6019809, *4 (N.D. Tex. Nov. 16, 2018).

[10]  *See*, *e.g.*, *State v. Morello*, 547 S.W.3d 881 (Tex. 2018) (finding personal liability of employee who violated Water Code, where prohibited conduct applied to "any person"); *Miller v. Keyser*, 90 S.W.3d 712 (Tex. 2002) (finding DTPA provides for personal liability of employees); *LeSage v. Pryor*, 137 Tex. 455, 154 S.W.2d 446 (1941) (holding that driver of automobile owes an independent duty to others when operating a motor vehicle); *Ft. Worth & D.C. Ry. Co. v. Mackney*, 83 Tex. 410, 18 S.W. 949 (1892) (engineer owed independent duty where statute required an engine approaching a railroad crossing to come to a full stop). *Cf. Franka v. Velasquez*, 332 S.W.3d 367, 382-83 (Tex. 2011) (holding doctor independently liable for professional malpractice, even though doctor was employed by a governmental employer).

[11] *See, e.g., Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005) (noting offending monk was found individually liable for assault, but holding supervising monk could not be held liable for their negligent supervision of the assaulting monk); *Holloway v. Skinner*, 898 S.W.2d 793 (Tex. 1995) (employee can be personally liable for tortious interference if he acted "willfully or intentionally"); *Leyendecker & Assoc., Inc. v. Wechter*, 683 S.W.2d 369 (Tex. 1984) (employee personally liable for libel); *Light v. Wilson*, 663 S.W.2d 813 (Tex. 1983); *cf. Conrick v. Houston Civic Opera Ass'n*, 99 S.W.2d 382, 385 (Tex. 1936) ("Directors are not personally liable to creditors for mismanagement, or for waste of assets except upon proof of the commission of

specifically including those involving premises liability — state and federal Courts throughout

Texas have consistently and properly refused to impose an independent duty and, by extension,

personal liability, on employees:

- ***Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005):**
  In a premises-liability lawsuit arising out of a sexual assault occurring at a Buddhist monastery, the Supreme Court of Texas held that a supervising monk owed no independent duty to a third-party in preventing a subordinate monk from committing assault, and therefore could not possibly be found liable as an individual defendant.

- **Kopczynski v. Wal-Mart Stores Texas, 2011 WL 902237, at *1 (S.D. Tex. Mar. 14, 2011):**
  In a premises-liability case arising out of a customer slip-and-fall, the Southern District of Texas found held individual employees who had, allegedly "negligently permitted the floor to become slippery and wet, negligently or willfully allowed such a condition to continue[,] and negligently or willfully failed to warn plaintiff of the condition of the floor" could not be individually liable because they owed no separate and distinct duty from that of their employer.

- ***Allen v. Walmart Stores, L.L.C., 907 F.3d 170 (5th Cir. 2018):***
  Affirming that individual Wal-Mart employees could not be liable to customer for sale of allegedly dangerous product because the duty the employees owed to the customer was the same as that owed by their employer.

- **McKinney v. Home Depot, USA, Inc., 4:06-CV-0327-A, 2006 WL 2947324, at *3 (N.D. Tex. Oct. 13, 2006)**
  In a premises-liability lawsuit arising out of a falling box, Honorable U.S. District Judge John McBryde found that two named employees had been improperly joined, and their citizenship should therefore be disregarded for purposes of determining diversity jurisdiction, where the only allegations of negligence against the employees imposed a duty of care that was the same as their employer's.

- ***Leitch v. Hornsby*, 935 S.W.2d 114, 117-18 (Tex. 1996):**
  Employee owed no independent duty to provide a safe workplace;

---

actual fraud.").

- ***Ruth v. Wal-Mart Stores, Inc.*, 10-CV-641-F, 2010 WL 11619027, at \*1 (N.D. Tex. June 24, 2010)**:
  Wal-Mart employee who motioned for Plaintiff to exit door as door sprang up was not subject to independent liability where Plaintiff's allegations against the employee and Wal-Mart were identical;

- ***Texas Specialty Trailers, Inc. v. Jackson & Simmen Drilling Co.*, 2-07-228-CV, 2009 WL 2462530, at \*4 (Tex. App.—Fort Worth Aug. 13, 2009, pet. denied):**
  "[Employee's] acts relating to the loading and hauling of the rig were done in his capacity as a corporate officer or [in performance of] duties belonging to [his employer]. Accordingly, we conclude that [the employee] owed no duty and cannot be personally liable for negligence;"

- ***Ching Enterprises, Inc. v. Barahona*, No. 01-07-00454-CV, 2008 WL 4006758 (Tex. App.—Houston [1st Dist.]  Aug. 28, 2008, no pet.)**:
  Employee not subject to  personal liability for his negligence, though he personally directed the plaintiff to work with a defective carrot grinder and supervised plaintiff , where the trial court found "[the employer] and [employee] committed the identical negligent acts and omissions, all of which related to their failures to provide [plaintiff] with a safe workplace;"

- ***Torres v. Trans Health Mgmt., Inc.*, 509 F. Supp. 2d 628, 630 (W.D. Tex. 2006):**
  No potential right of recovery against plaintiff's supervisor where allegations against supervisor and employer were identical and all related to providing a safe workplace.[12]

---

[12] Two issues also merit mentioning here: (1) prior to the Supreme Court of Texas' decision in *Tri v. J.T.T*, there was disparity among Courts regarding the applicability of a "no-independent-duty" rule to employees in premises-liability cases—with *Tri*, that has been resolved; (2) there is a legal distinction between individual ***negligence***, and individual ***liability***.  While personal involvement may mean that an employee acted negligently, that does not mean that an employee automatically owed an independent duty to the plaintiff that could give rise to individual liability. *See Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005) (holding "the defendants are correct that a negligence finding against an individual does not automatically result in individual liability when the individual was acting as the agent or employee of a corporation. Corporations can, of course, only act through individuals… Individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty").

In the case at bar, Plaintiff's only claims of wrongdoing by QuikTrip's Clerk, Jordan Chapman, are that he washed the sidewalk in the area where Plaintiff would eventually fall, creating an alleged, unwarned hazard.  Importantly, Plaintiff has not pled any facts that would allow Plaintiff to recover from Chapman in his individual capacity, and, in fact, has not alleged that Chapman owed any separate or independent duty of reasonable care to **Plaintiff *apart from the duty owed by QuikTrip*.**  Under these circumstances, Chapman has been fraudulently joined and his citizenship should be disregarded in determining diversity jurisdiction.

## VII.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her First Amended Petition that she is seeking damages between $200,000 and $1,00,000.00.[13]  Specifically, Plaintiff seeks damages for past and future: medical expenses; physical pain and mental anguish; physical impairment; and lost earning capacity.[14]  As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[15]

## VIII.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."  28 U.S.C. § 1446(b).  Defendants first became aware this case was removable with the current parties on or about

---

[13] *See Plaintiff's First Amended Petition* attached hereto as Exhibit A, at p. 2 ¶ II (6).
[14] *Id.*, at pp. 3-4 ¶¶ VII (14).
[15] *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996); *see also Laughlin v. Kmart Corp.*, 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

- 12 -

October 10, 2019, when Defendant Jordan Chapman was served with Plaintiff's First Amended Petition.  Accordingly, this removal is timely because it is made within thirty (30) days after the receipt by Defendant Jordan Chapman of the document that first demonstrated the case was removable.  Moreover, more than one year has not passed since the commencement of the action in state court on January 14, 2019.  *See* 28 U.S.C. § 1446(b).

## IX.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## X.
## PROCEDURAL REQUIREMENTS

Defendants have filed with the Clerk of the County Court at Law Number 5 of Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

In compliance with Local Rule 81.1(a)(1)-(3), Defendants have filed the following documents contemporaneously with this Notice of Removal:

- Civil Cover Sheet
- Supplemental Civil Cover Sheet
- Notice of Related Case
- Certificate of Interested Persons

Additionally, and pursuant to Local Rule 81.1(a)(4), the following documents are attached:

A.  Plaintiff's First Amended Petition and Citation (filed October 7, 2019);

B.  Still Images from Surveillance Video;

C.  Deposition Excerpts of Jordan Chapman;

D.  Surveillance Footage;

E.  State court docket sheet (as of November 5, 2019);

    1.  Plaintiff's Original Petition and Request for Disclosure and Citation (filed January 14, 2019);

    2.  Defendant QuikTrip Corporation's Original Answer (filed February 5, 2019);

    3.  Defendant's Notice of Filing Notice of Removal (filed March 12, 2019);

    4.  Order to Close File (filed March 14, 2019);

    5.  Notice of Order of Remand from Federal Court (filed October 4, 2019);

    6.  Notice of Filing and Intent to Use Billing Records (filed October 4, 2019);

    7.  Notice of Filing and Intent to Use Medical Records (filed October 4, 2019);

    8.  Plaintiff's First Amended Petition and Citation (filed October 7, 2019);

    9.  Notice of Non-Jury Trial (October 8, 2019);

    10. Mediation Order (October 8, 2019);

    11. Plaintiff's Motion for Entry of Level III Docket Control and Scheduling Order (filed October 31, 2019);

    12. Defendant Jordan Chapman's Original Answer (filed October 31, 2019); and

    13. Notice of Hearing (filed November 1, 2019).

**XI.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Defendants QuikTrip Corporation and Jordan Chapman respectfully pray that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division. Praying further, Defendants respectfully seek such other and further relief, both at law and in equity, to which they may show themselves justly entitled.

- 14 -

Respectfully submitted,

/s/ B. Kyle Briscoe
_____

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Nicolas M. Lund**
State Bar No. 24084391
nlund@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANTS**


**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to, and in accordance with, the Federal Rules of Civil Procedure on November 6, 2019.

/s/ B. Kyle Briscoe
_____
**B. Kyle Briscoe**