# EXHIBIT A

**Exhibit A**

**CAUSE NO. CC-19-00294-E**

| | | |
|---|---|---|
| MARIA S. WINFIELD | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NO. 5 |
| | § | |
| QUICKTRIP CORPORATION | § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S FIRST AMENDED PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

1.      NOW COMES, MARIA S. WINFIELD complaining of QUIKTRIP CORPORATION

(hereinafter "Quicktrip") and JORDAN CHAPMAN ("hereinafter Mr. Chapman") and would

show the Court as follows:

**I.**
**PARTIES**

2.      **MARIA S. WINFIELD** is an individual who resides in Kaufman County, Texas. The

last three digits of her driver's license number are 196.  The last three digits of her social security

number are 686.

3.      Defendant **QUIKTRIP CORPORATION** is a foreign corporation doing business in the

State of Texas, and has filed an Answer, making an appearance in this lawsuit.

4.      Defendant **JORDAN CHAPMAN** is an individual and resident of the City of Sasche, in

Dallas County, Texas. Service of process may be perfected by serving Defendant at his residence:

**2634 WRANGLER SACHSE, TEXAS 75048 OR WHEREVER HE MAY BE FOUND**.

**II.**

**JURISDICTION AND VENUE**

4.      This case was remanded from Federal court to this court on October 4, 2019

5.      Venue is appropriate in Dallas County, Texas because the incident giving rise to this

**PLAINTIFF'S FIRST AMENDED PETITION - 1**

lawsuit occurred in Dallas County, Texas.

6.      Pursuant to T.R.C.P. Rule 47, Plaintiff hereby seeks monetary relief in an amount that is more than $200,000 and less than $1,000,000. This statement is made for purposes of meeting the requirement of Rule 47 and not for argument to the jury. The monetary relief actually awarded will ultimately be determined by the jury.

## IV.
## FACTUAL BACKGROUND

7.      On October 8, 2017, Maria S. Winfield was an invitee at a Quiktrip in the City of Garland, Dallas County, Texas. The Quiktrip store was at all times material under the exclusive ownership, management, control and possession of Defendant Quiktrip. Likewise, at all times relevant to Plaintiff's cause of action, Defendant Chapman was an employee at the store.

8.      Ms. Winfield had come on the premises with Defendants' implied knowledge and permission, and she entered the store for the parties' mutual benefit.

9.      On that date, while exiting the store, Ms. Winfield suffered severe injury to her right ankle when she slipped and fell in water, which was coming from a hose used by Defendant Chapman to rinse off the only public entrance/exit to the store. No signs, cones, or other warnings were in place, and no alternative means to exit the store was made available.

10.     Ms. Winfield's bodily injuries occurred as a direct result of a fall that was proximately caused by the wet walkway, which the Defendants knew or, in the exercise of ordinary care, should have known existed.

## V.
## CAUSES OF ACTION

### A.      NEGLIGENT ACTIVITY:

**PLAINTIFF'S FIRST AMENDED PETITION - 2**

11.      At all times relevant to Plaintiff's cause of action, Defendant Chapman was a Quiktrip store employee, who used the hose to wash down the pavement of the walkway necessary to enter/exit the store. In hosing down the store's only public entrance/exit, Mr. Chapman had a duty to act as a person of ordinary prudence would have acted in the same or similar circumstances. Mr. Chapman's breach of that duty amounted to negligence, which was the proximate cause of injury to Ms. Winfield, for which she brings suit.

12.      Defendant Chapman was responsible for making sure that the store area was free of hazards to invitees such as Plaintiff.  Mr. Chapman had actual or constructive knowledge of the wet entrance/exit to the store because it was he who hosed it down. The hosing down of the only entrance/exit was a proximate cause of Ms. Winfield's injury, for which she brings suit.

**B.      PREMISES LIABILITY:**

13.      Ms. Winfield was an invitee to the QT store, of which Defendant exercised control. Quickstop and Mr. Chapman had actual or constructive knowledge of the wet entrance/exit to the store because it was Mr. Chapman, Defendant's employee, who hosed it down. The wet entrance/exit was a dangerous condition and the proximate cause of Ms. Winfield's injury, for which she brings suit.

**VII.**
**DAMAGES**

14.      As a result of the above, Plaintiff has suffered and seeks the following damages:

> Medical Expenses: Plaintiff has incurred serious bodily injuries for which she has sought and received ***past*** reasonable and necessary medical care and treatment. These past medical expenses were incurred for necessary care and treatment for the injuries complained of herein. The charges were both reasonable and the usual and customary charges for the same or similar services at the time and place rendered. Plaintiff also reasonably expects to incur ***future*** medical expenses in an amount within the jurisdictional limits of this Court;

**PLAINTIFF'S FIRST AMENDED PETITION - 3**

Physical Pain And Mental Anguish: Plaintiff has endured severe physical pain and mental anguish in the ***past*** and she reasonably expects that she will continue to endure physical pain and mental anguish into the ***future*** as a result of the injuries made the basis of this suit;

Physical Impairment: Plaintiff has suffered ***past*** physical impairment that she reasonably expects to continue to suffer physical impairment in the ***future*** from the injuries made the basis of this suit in the future;

Lost Earning Capacity: Plaintiff has suffered lost earning capacity in the ***past*** as a result in the injuries sustained, and reasonable expects that such lost earning capacity will continue into the ***future***, for which she brings suit.

15.    By reason of the above and foregoing, Plaintiff has been damaged in a sum within the jurisdictional limits of this Court, for which she hereby sues.

## VIII.

### PRAYER FOR RELIEF

16.    WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant JORDAN CHAPMAN be served with this *First Amended Petition*, and that after final trial or hearing of this cause, Plaintiff recover from Defendants:

1.    Judgment for all economic and non-economic damages, liquidated and un-liquidated, in an amount within the jurisdictional limits of this Court;

2.    Prejudgment and Post-judgment interest at the maximum rate allowed by law;

3.    Costs of suit; and

4.    Such other and further relief, in law or equity, to which Plaintiff may show herself entitled in law or equity.

**PLAINTIFF'S FIRST AMENDED PETITION - 4**

Respectfully submitted,

**AVANT LAW FIRM**

*Anjel Avant*
_____
Anjel K. Avant
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
972-705-9600 phone
972-705-9601 fax
anjel@avantlawfirm.com
**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the forgoing was served on all counsel of

record on this 4th day of October, 2019 via e-mail pursuant to the Texas Rules of Civil

Procedure.

*Anjel Avant*
_____
Anjel K. Avant

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - 5**

# EXHIBIT B

**Exhibit B**



Front Entry



2017-Oct-08 04:00:12.844 PM (CDT)

Front Entry





2017-Oct-08 04:01:49.489 PM (CDT)

Front Entry



2017-Oct-08 04:02:45.377 PM (CDT)

Front Entry



Case 3:19-cv-02662-B Document 1-2 Filed 11/06/19 Page 13 of 109 PageID 30

Front Entry

# EXHIBIT C

**Exhibit C**

```
 1                    CAUSE NO. CC-19-00294-E

 2   MARIA S. WINFIELD            *   IN THE COUNTY COURT
                                  *
 3                                *
                                  *
 4                                *
     VS.                          *            AT LAW NO. 5
 5                                *
                                  *
 6                                *
     QUIKTRIP CORPORATION and     *
 7   JORDAN CHAPMAN               * DALLAS COUNTY, TEXAS

 8

 9

10              ---------------------------------

11                   ORAL DEPOSITION OF

12                   JORDAN PHILIP CHAPMAN

13                     OCTOBER 14, 2019
                ---------------------------------

14

15

16

17           ORAL DEPOSITION of JORDAN PHILIP CHAPMAN,

18   produced as a witness at the instance of the Plaintiff,

19   and duly sworn, was taken in the above-styled and

20   -numbered cause on the 14th day of October, 2019, from

21   2:07 p.m. to 4:16 p.m., before Zunie Stovall, CSR in

22   and for the State of Texas, reported by machine

23   shorthand at the offices of Pioneer Natural Resources,

24   5205 North O'Connor Boulevard, Suite 200, Irving,

25   Texas, pursuant to the Texas Rules of Civil Procedure.
```

**STOVALL REPORTING & VIDEO, INC.  (214) 695-2024**

```
 1                 A P P E A R A N C E S

 2

 3   FOR THE PLAINTIFF:
          Ms. Anjel K. Avant
 4        Avant Law Firm
          1595 North Central Expressway
 5        Richardson, Texas  75080
          Phone:   (972) 705-9600
 6        Fax:     (972) 705-9601
          anjel@avantlawfirm.com
 7
     FOR THE DEFENDANTS:
 8        Mr. Nicolas M. Lund
          PeavlerBriscoe
 9        2215 Westgate Plaza
          Grapevine, Texas  76051
10        Phone:  (214) 999-0550
          Fax:    (214) 999-0551
11        nlund@peavlerbriscoe.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**STOVALL REPORTING & VIDEO, INC.  (214) 695-2024**

JORDAN PHILIP CHAPMAN      10/14/19  WINFIELD v. QUIKTRIP, et al.

```
 1                   I N D E X

 2

 3   Appearances.................................   2

 4   Exhibit Index...............................   4

 5   JORDAN PHILIP CHAPMAN

 6       Examination by Ms. Avant................   5

 7   Changes and Signature....................... 113

 8   Reporter's Certificate...................... 115

 9

10

11

12

13

14

15                   CERTIFIED QUESTION

16

17   Page 104, Line 14 -- Is there -- Is it fair to say that
                         your daily assignment worksheet,
18                       Bates Stamp 33, 34 and 35, does
                         not have the task power -- to
19                       powerwash on it?

20

21

22

23

24

25
```

**STOVALL REPORTING & VIDEO, INC.  (214) 695-2024**

```
 1                 E X H I B I T S

 2    NUMBER              DESCRIPTION              PAGE

 3      1    Incident/Accident Report................ 72

 4      2    Customer Incident Report................ 72

 5      3    Color copy of photograph................ 79

 6      4    Color copy of photograph................ 82

 7      5    Color copy of photograph................ 83

 8      6    Color copy of photograph................ 82

 9      7    Color copy of photograph................ 84

10      8    Color copy of photograph................ 85

11      9    Color copy of photograph................ 85

12     10    Daily Assignment Worksheets............. 87

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                 P R O C E E D I N G S
 2                 THE REPORTER:  Any agreements?
 3                 MS. AVANT:  Do you want to take 30 days
 4   rather than 21 to review?
 5                 MR. LUND:  No, 20 is fine.  Thank you
 6   though.
 7                 JORDAN PHILIP CHAPMAN,
 8   having been first duly sworn, testified as follows:
 9                         EXAMINATION
10   BY MS. AVANT:
11       Q.    Could you please state your full name for
12   the record?
13       A.    Like full-full?
14       Q.    Yeah.
15       A.    Jordan Philip Chapman.
16       Q.    Have you ever gone by any other name?
17       A.    No, ma'am.
18       Q.    Okay.  I know you've had a chance to talk to
19   the attorney to your left before we got started today.
20             Did you review any documents to
21   prepare for your deposition?
22       A.    Yes.
23       Q.    What did you review?
24       A.    Just some video footage.
25       Q.    Okay.  Anything else?
```

1     Q.     Do you recall any write-ups during that time

2   you were second assistant before you were demoted to

3   part-time clerk?

4     A.     Not that I recall.

5     Q.     And you don't recall any sort of criticism

6   of your work as a second assistant, relief assistant or

7   night assistant?

8     A.     Yes, I did get criticized because everybody

9   gets criticized.

10     Q.     And what was the criticism for you?

11     A.     Too long ago to remember.  I don't remember.

12     Q.     When you viewed the video footage, did you

13   see yourself in any of that footage?

14     A.     Yes, ma'am.

15     Q.     And in the video footage that you watched,

16   what were you doing?

17     A.     I was -- I was powerwashing the ground far

18   away from the incident.

19     Q.     You were powerwashing the ground.  The

20   ground where?

21     A.     Outside of the store, the concrete.

22     Q.     And we're talking about the Store Number 907

23   on Belt Line in Garland; is that right?

24     A.     Yes, ma'am.

25     Q.     Were -- Are you aware of any training that

```
 1         Q.    Okay.  It catches you somewhere starting it,
 2    and it shows somewhere -- but it doesn't show all of
 3    your powerwashing; is that right?
 4         A.    Yes, ma'am.
 5         Q.    Okay.  Had you ever seen that before two
 6    weeks ago?
 7         A.    No, ma'am.
 8         Q.    Okay.  Did you see my client in that footage
 9    that you watched two weeks ago?
10         A.    Yes, ma'am.
11         Q.    Okay.  Did you see her fall?
12         A.    Yes, ma'am.
13         Q.    And is it your testimony that you did not
14    powerwash anywhere in the vicinity of where she fell?
15                    MR. LUND:  Form.
16         A.    Can you reword that, please?
17         Q.    (BY MS. AVANT)  Is it your testimony to this
18    jury that you did not powerwash anywhere in the area
19    where my client fell?
20         A.    Confusing question.  Can you reword it?
21         Q.    Is it your testimony to this jury that you
22    had not powerwashed anywhere in the area where my
23    client fell?
24         A.    You didn't reword it.  I powerwashed where
25    she fell.
```

**STOVALL REPORTING & VIDEO, INC.  (214) 695-2024**

```
 1        Q.     Have you ever gone by any other name?

 2        A.     No.

 3        Q.     What is your middle name?

 4        A.     Philip.  Sorry.  Philip.

 5                      MS. AVANT:  Pass the witness.

 6                      MR. LUND:  And you're all done.

 7   Thanks, Jordan.

 8                      (Deposition concluded at 4:16 p.m.)

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                  CHANGES AND SIGNATURE

 2   WITNESS NAME:  JORDAN PHILIP CHAPMAN

 3   DATE OF DEPOSITION:  OCTOBER 14, 2019

 4   PAGE     LINE        CHANGE              REASON

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**STOVALL REPORTING & VIDEO, INC.  (214) 695-2024**

**JORDAN PHILIP CHAPMAN      10/14/19  WINFIELD v. QUIKTRIP, et al.**

```
 1   I, JORDAN PHILIP CHAPMAN, have read the foregoing
     deposition and hereby affix my signature that same is
 2   true and correct except as noted herein.

 3

 4                        JORDAN PHILIP CHAPMAN

 5   STATE OF TEXAS          )

 6   COUNTY OF               )

 7   Before me,                     , on this day personally
     appeared JORDAN PHILIP CHAPMAN, known to me (or proved
 8   to me under oath or through                      )
     (description of identity card or other document) to be
 9   the person whose name is subscribed to the foregoing
     instrument and acknowledged to me that they executed
10   the same for the purposes and consideration therein
     expressed.
11
     Given under my hand and seal of office this        day
12   of                , 2019.

13

14              Notary Public in and for
                the State of
15
                My Commission Expires:
16

17

18

19

20

21

22

23

24

25
```

**STOVALL REPORTING & VIDEO, INC.  (214) 695-2024**

```
 1                   CAUSE NO. CC-19-00294-E

 2   MARIA S. WINFIELD          *  IN THE COUNTY COURT
                                *
 3                              *
                                *
 4                              *
                                *
     VS.                        *          AT LAW NO. 5
 5                              *
                                *
 6                              *
     QUIKTRIP CORPORATION and   *
 7   JORDAN CHAPMAN             *  DALLAS COUNTY, TEXAS

 8
                    REPORTER'S CERTIFICATION
 9            DEPOSITION OF JORDAN PHILIP CHAPMAN
                      OCTOBER 14, 2019
10

11       I, ZUNIE STOVALL, Certified Shorthand Reporter in

12   and for the State of Texas, hereby certify to the

13   following:

14       That the witness, JORDAN PHILIP CHAPMAN, was duly

15   sworn by the officer and that the transcript of the

16   oral deposition is a true record of the testimony given

17   by the witness;

18       That the deposition transcript was submitted on

19                      to the witness or to the attorney

20   for the witness for examination, signature, and return

21   to me by                    ;

22       That the amount of time used by each party at the

23   deposition is as follows:

24           MS. ANJEL K. AVANT  - 2 HRS : 05 MINS
             MR. NICOLAS M. LUND - 0 HRS : 00 MINS
25
```

**STOVALL REPORTING & VIDEO, INC.  (214) 695-2024**

1     That pursuant to information given to the

2  deposition officer at the time said testimony was

3  taken, the following includes counsel for all parties

4  of record:

5          MS. ANJEL K. AVANT
           Attorney for Plaintiff
6
           MR. NICOLAS M. LUND
7          Attorney for Defendants

8     I further certify that I am neither counsel for,

9  related to, nor employed by any of the parties or

10 attorneys in the action in which this proceeding was

11 taken, and further that I am not financially or

12 otherwise interested in the outcome of this action.

13     Further certification requirements pursuant to

14 Rule 203 of TRCP will be certified to after they have

15 occurred.

16     Certified to by me this 21st day of October, 2019.

17

18
           ZUNIE STOVALL, Texas CSR 4588
19         Expiration Date:  12-31-19

20         STOVALL REPORTING & VIDEO, INC.
           Firm Registration No. 10259
21         1414 Creekview Drive
           Lewisville, Texas  75067
22         Phone:  (214) 695-2024

23

24

25

**STOVALL REPORTING & VIDEO, INC.  (214) 695-2024**

```
 1          FURTHER CERTIFICATION UNDER RULE 203 TRCP
 2       The original deposition was/was not returned to
 3  the deposition officer on                          :
 4       If returned, the attached Changes and Signature
 5  page contains any changes and the reasons therefor:
 6       If returned, the original deposition was delivered
 7  to Ms. Anjel K. Avant, Custodial Attorney;
 8       That $           is the deposition officer's
 9  charges to the Plaintiff for preparing the original
10  deposition transcript and any copies of exhibits;
11       That the deposition was delivered in accordance
12  with Rule 203.3 and that a copy of this certificate was
13  served on all parties shown herein and filed with the
14  Clerk.
15       Certified to by me this      day of            ,
16  2019.
17
18
19              ZUNIE STOVALL, Texas CSR 4588
                Expiration Date:  12-31-19
20              STOVALL REPORTING & VIDEO, INC.
                Firm Registration No. 10259
21              1414 Creekview Drive
                Lewisville, Texas  75067
22              Phone:  (214) 695-2024
23
24
25
```

**STOVALL REPORTING & VIDEO, INC.  (214) 695-2024**

# EXHIBIT D

Exhibit D



# EXHIBIT E

**Exhibit E**

## Case Information

CC-19-00294-E | MARIA WINFIELD vs.QUIKTRIP CORPORATION, JORDAN CHAPMAN

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-19-00294-E | County Court at Law No. 5 | GREENBERG, MARK |
| File Date | Case Type | Case Status |
| 01/14/2019 | DAMAGES (NON COLLISION) | RE-OPENED |

## Party

PLAINTIFF
WINFIELD, MARIA

Address
1595 N. CENTRAL EXPRESSWAY
RICHARDSON TX 75080

Active Attorneys▾
Lead Attorney
AVANT, ANJEL K
Retained

DEFENDANT
QUIKTRIP CORPORATION

Address
BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM
1999 BRYAN STREET, SUITE 900
DALLAS TX 75201

Active Attorneys▾
Lead Attorney
BRISCOE, B KYLE
Retained

DEFENDANT
CHAPMAN, JORDAN

Address
2634 WRANGLER
SACHSE TX 75048

Active Attorneys▾
Lead Attorney
BRISCOE, B KYLE
Retained

## Events and Hearings

01/14/2019 NEW CASE FILED (OCA)

01/14/2019 ORIGINAL PETITION ▾

ORGINAL PETITION

01/14/2019 CIVIL CASE INFORMATION SHEET ▾

CIVIL CASE INFORMATION SHEET

01/15/2019 ISSUE CITATION ▾

ISSUE CITATION

01/17/2019 CITATION (SERVICE)▾

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
ATTORNEY

Returned
01/18/2019

01/18/2019 RETURN OF SERVICE ▾

RETURN OF SERVICE

Comment
QUIKTRIP CORPORATION SERVED 1/17/19 AT 11:30 AM

02/05/2019 ORIGINAL ANSWER ▾

ORIGINAL ANSWER TO ORIGINAL PETITION

02/05/2019 VACATION LETTER

03/12/2019 NOTICE ▾

DEFENDANT S NOTICE OF FILING NOTICE OF REMOVAL

Comment
DEFENDANT'S NOTICE 0F FILING NOTICE OF REMOVAL

03/14/2019 ORDER - REMOVAL (FEDERAL COURT) ▾

ORDER - REMOVAL (FEDERAL COURT)

03/15/2019 NOTICE OF REMOVAL TO FEDERAL COURT ▾

NOTICE OF REMOVAL TO FEDERAL COURT

    Comment
    ANJEL K AVANT

03/15/2019 NOTICE OF REMOVAL TO FEDERAL COURT ▾

NOTICE OF REMOVAL TO FEDERAL COURT

    Comment
    B KYLE BRISCOE

04/15/2019 DISMISSAL HEARING ▾

1 CCL#5 Y LETTER

Judicial Officer
GREENBERG, MARK

Hearing Time
9:00 AM

Cancel Reason
REQUESTED BY ATTORNEY/PRO SE

10/04/2019 NOTICE ▾

NOTICE OF REMAND FROM FEDEDAL COURT

    Comment
    OF REMAND FROM FEDERAL COURT

10/04/2019 NOTICE OF FILING ▾

NOTICE OF FILING AND INTENT TO USE BILLING RECORDS

    Comment
    AND INTENT TO USE BILLING RECORDS

10/04/2019 NOTICE OF FILING ▾

NOTICE OF FILING AND INTENT TO USE MEDICAL RECORDS

    Comment
    AND INTENT TO USE MEDICAL RECORDS

10/04/2019 AMENDED PETITION ▾

PLAINTIFF S FIRST AMENDED PETITION

    Comment
    PLAINTIFF S FIRST AMENDED PETITION

10/07/2019 ISSUE CITATION ▾

ISSUE CITATION

Comment
E-SERVE ENV# 37484541

10/08/2019 ORDER - MEDIATION ▾

ORDER - MEDIATION

10/08/2019 CITATION (SERVICE)▾

Anticipated Server
ATTORNEY

Anticipated Method
Actual Server
PRIVATE PROCESS SERVER

Returned
10/11/2019

10/11/2019 RETURN OF SERVICE ▾

RETURN OF SERVICE; JORDAN CHAPMAN

Comment
SERVED ON JORDAN CHAPMAN ON 10/10/2019 AT 3 P

10/31/2019 MOTION - ENTER ORDER ▾

PLAINTIFF'S MOION FOR ENTRY DOCKET ORDER

Comment
LEVEL III DOCKET CONTROL AND SCHEDULING ORDER (W/ EXHIBIT "A" CONTAINING
PROPOSED ORDER); NOT AGREED

10/31/2019 ORIGINAL ANSWER ▾

ORIGINAL ANSWER

11/01/2019 NOTICE - HEARING ▾

NOTICE OF HEARING

Comment
MOTION ENTER ORDER

11/15/2019 MOTION - HEARING ▾

Judicial Officer
GREENBERG, MARK

Hearing Time
10:00 AM

Comment
LEVEL III DOCKET CONTROL AND SCHEDULING ORDER---ANGELA 972-707-0041

10/19/2020 NON JURY TRIAL ▾

CCL#5 MED/NONJURY

CCL#5 MED/NONJURY

CCL#5 MED/NONJURY

Judicial Officer
GREENBERG, MARK

Hearing Time
9:00 AM

## Financial

No financial information exists for this case.

## Documents

ORGINAL PETITION

CIVIL CASE INFORMATION SHEET

RETURN OF SERVICE

ISSUE CITATION

1 CCL#5 Y LETTER

ORIGINAL ANSWER TO ORIGINAL PETITION

DEFENDANT S NOTICE OF FILING NOTICE OF REMOVAL

ORDER - REMOVAL (FEDERAL COURT)

NOTICE OF REMOVAL TO FEDERAL COURT

NOTICE OF REMOVAL TO FEDERAL COURT

NOTICE OF REMAND FROM FEDEDAL COURT

NOTICE OF FILING AND INTENT TO USE BILLING RECORDS

NOTICE OF FILING AND INTENT TO USE MEDICAL RECORDS

PLAINTIFF S FIRST AMENDED PETITION

CCL#5 MED/NONJURY

CCL#5 MED/NONJURY

CCL#5 MED/NONJURY

ISSUE CITATION

ORDER - MEDIATION

RETURN OF SERVICE; JORDAN CHAPMAN

PLAINTIFF'S MOION FOR ENTRY DOCKET ORDER

ORIGINAL ANSWER

NOTICE OF HEARING

# EXHIBIT 1

Exhibit 1

**CT Corporation**

**Service of Process Transmittal**
01/17/2019
CT Log Number 534750041

| | |
|---|---|
| **TO:** | Marshall Wells<br>QuikTrip Corporation<br>4705 S 129th East Ave<br>Tulsa, OK 74134-7008 |

**RE:** **Process Served in Texas**

**FOR:** QuikTrip Corporation (Domestic State: OK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARIA S. WINFIELD, Pltf. vs. QUIKTRIP CORPORATION, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return(s), Petition, Request(s) |
| **COURT/AGENCY:** | County Civil Court at Law No. 5 Dallas County, TX<br>Case # CC1900294E |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 10/08/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/17/2019 at 11:59 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after you were served (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Anjel K. Avant<br>Avant Law Firm<br>1595 N. Central Expressway<br>Richardson, TX 75080<br>972-705-9600 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/17/2019, Expected Purge Date: 01/22/2019 |
| | Image SOP |
| | Email Notification, Marshall Wells  mwells@quiktrip.com |
| | Email Notification, Krissy Snow  ksnow@quiktrip.com |
| | Email Notification, Ronald Collins  rcollins@quiktrip.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*Joe & Huffman*
*PSC 565 2*
*1-17-19  (1-30-A?)*

# THE STATE OF TEXAS
# CITATION

CAUSE NO. CC-19-00294-E
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**QUIKTRIP CORPORATION**
**BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORGINAL PETITION AND REQUEST FOR DISCLOSURE, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**MARIA WINFIELD**
*Plaintiff(s)*

VS.

**QUIKTRIP CORPORATION**
*Defendant(s)*

filed in said Court on the 14th day of January, 2019, a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN,** Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 17th day of January, 2019 A.D.

JOHN F. WARREN, Dallas County Clerk

By _____, Deputy
Nuribianca Fernandez



---

## ATTORNEY
### CITATION
**PLAINTIFF'S ORGINAL PETITION**
**AND REQUEST FOR DISCLOSURE**

### CC-19-00294-E

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

MARIA WINFIELD, *Plaintiff(s)*

VS.

QUIKTRIP CORPORATION,
*Defendant(s)*

**SERVE:**
**QUIKTRIP CORPORATION**
**BY SERVING ITS REGISTERED**
**AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET SUITE 900**
**DALLAS TX 75201**

**ISSUED THIS**
**17TH DAY OF JANUARY, 2019**

JOHN F. WARREN, COUNTY CLERK
BY: NURIBIANCA FERNANDEZ, DEPUTY

Attorney for Plaintiff
ANJEL K AVANT
1595 N CENTRAL EXPRESSWAY
RICHARDSON TX 75080
972-705-9600

# OFFICER'S RETURN

CC-19-00294-E   County Court at Law No. 5

MARIA WINFIELD vs. QUIKTRIP CORPORATION

**ADDRESS FOR SERVICE:**
BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to QUIKTRIP CORPORATION in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORGINAL PETITION AND REQUEST FOR DISCLOSURE with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being:
_____

Serving Petition and Copy     $_____   _____, Officer

Total   $_____   _____, County, Texas

_____, Deputy

_____, Affiant

1/14/2019 5:47
JOHN F. WARR
COUNTY CLE
DALLAS COUN

CAUSE NO. CC-19-00294-E
_____

| | | |
|---|---|---|
| **MARIA S. WINFIELD** | § | **IN COUNTY COURT** |
| | § | |
| **VS.** | § | **AT LAW NO. _____** |
| | § | |
| | § | |
| **QUIKTRIP CORPORATION** | § | **DALLAS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MARIA S. WINFIELD complaining of and about QUIKTRIP CORPORATION

("hereinafter Defendant") and, for cause of action, would show the Court as follows:

**I.**
### LEVEL 3 DOCKET CONTROL AND SCHEDULING ORDER

1.      Plaintiff intends that discovery be conducted under Discovery Level 3 of the Texas Rules

of Civil Procedure and will be filing an Agreed Scheduling Order with this Court.

**II.**
### PARTIES AND SERVICE

2.      MARIA S. WINFIELD is an individual who resides in Forney, Texas. The last three

digits of her driver's license number are 196.  The last three digits of her social security number

are 686.

3.      **QUIKTRIP CORPORATION** is a foreign corporation doing business in Texas and may

be served through its registered agent for service: **CT Corporation System, 1999 Bryan Street,**

**Suite 900, Dallas, Texas 75201**.

**III.**

### JURISDICTION AND VENUE

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - 1**

4.     Venue is appropriate in Dallas County, Texas because the incident giving rise to this lawsuit occurred in Dallas County, Texas. Plaintiff seeks damages within the jurisdictional limits of this Court.

### IV.
### FACTUAL BACKGROUND

5.     On October 8, 2017, Maria S. Winfield was an invitee at a Quicktrip in the City of Garland, Dallas County, Texas. The store was at all times material under the exclusive ownership, management, control and possession of Defendant Quicktrip Corporation.

6.     Ms. Winfield had come on Defendant's premises with Defendant's implied knowledge and permission, and she entered the hospital for the parties' mutual benefit.

7.     On that date, while exiting the store, Ms. Winfield suffered severe injury to her right ankle when she slipped and fell in water, which was coming from a hose used by Defendant's employee to rinse off the only public entrance/exit to the store. No signs, cones, or other warnings were in place, and no alternative means to exit the store was made available.

8.     Ms. Winfield's bodily injuries occurred as a direct result of a fall that was proximately · caused by the dangerous condition described above, which the Defendant knew or, in the exercise of ordinary care, should have known existed.

### V.
### PREMISES LIABILITY CAUSE OF ACTION

**A.     PREMISES LIABILITY:**

9.     Here, Ms. Winfield was an invitee to the QT store, of which Defendant exercised control. The Defendant had actual or constructive knowledge of the wet entrance/exit to the store because it was Defendant's employee who hosed it down. The wet entrance/exit was a dangerous condition

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - 2**

and the proximate cause of Ms. Winfield's injury, for which she brings suit.

**B.    NEGLIGENT ACTIVITY:**

10.    In hosing down the store's only public entrance/exit, the Defendant had a duty to act as a

person of ordinary prudence would have acted in the same or similar circumstances. Defendant's

breach of that duty amounted to negligence, which was the proximate cause of injury to Ms.

Winfield, for which she brings suit.

## VII.
## DAMAGES

11.    As a result of the above, Plaintiff has suffered and seeks the following damages:

> Medical Expenses: Plaintiff has incurred serious bodily injuries for which she has
> sought and received *past* reasonable and necessary medical care and treatment.
> These past medical expenses were incurred for necessary care and treatment for the
> injuries complained of herein. The charges were both reasonable and the usual and
> customary charges for the same or similar services at the time and place rendered.
> Plaintiff also reasonably expects to incur *future* medical expenses in an amount
> within the jurisdictional limits of this Court;

> Physical Pain And Mental Anguish: Plaintiff has endured severe physical pain and
> mental anguish in the *past* and she reasonably expects that she will continue to
> endure physical pain and mental anguish into the *future* as a result of the injuries
> made the basis of this suit;

> Physical Impairment: Plaintiff has suffered *past* physical impairment that she
> reasonably expects to continue to suffer physical impairment in the *future* from the
> injuries made the basis of this suit in the future;

> Lost Earning Capacity: Plaintiff has suffered lost earning capacity in the *past* as a
> result in the injuries sustained, and reasonable expects that such lost earning
> capacity will continue into the *future*, for which she brings suit.

12.    By reason of the above and foregoing, Plaintiff has been damaged in a sum within the

jurisdictional limits of this Court, for which she hereby sues.

## VIII.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - 3**

## REQUEST FOR DISCLOSURE

13.    Plaintiff serves with this *Original Petition this Plaintiff's Request for Disclosure*,

pursuant to the Texas Rules of Civil Procedure 194. Plaintiff requests that Defendants provide

full and complete responses to all sub-parts delineated in TRCP 194.2 to the undersigned counsel

on or before fifty (50) days from service of this *Original Petition and Request for Disclosure*.

## IX.

## PRAYER FOR RELIEF

14.    WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be served

with this *Original Petition and Request for Disclosure*, and that after final trial or hearing of this

cause, Plaintiff recover from Defendant:

1.    Judgment for all economic and non-economic damages, liquidated and un-
      liquidated, in an amount within the jurisdictional limits of this Court;

2.    Prejudgment and Post-judgment interest at the maximum rate allowed by law;

3.    Costs of suit; and

4.    Such other and further relief, in law or equity, to which Plaintiff may show herself
      entitled in law or equity.

Respectfully submitted,

## AVANT LAW FIRM

*Anjel Avant*

Anjel K. Avant
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
972-705-9600 phone
972-705-9601 fax
anjel@avantlawfirm.com
**ATTORNEY FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - 4

1/14/2019 5:47
JOHN F. WARR
COUNTY CLE
DALLAS COUN

CAUSE NO. CC-19-00294-E

| | | |
|---|---|---|
| **MARIA S. WINFIELD** | § | **IN COUNTY COURT** |
| | § | |
| **VS.** | § | **AT LAW NO. 5** |
| | § | |
| | § | |
| **QUIKTRIP CORPORATION** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MARIA S. WINFIELD complaining of and about QUIKTRIP CORPORATION

("hereinafter Defendant") and, for cause of action, would show the Court as follows:

## I.
## LEVEL 3 DOCKET CONTROL AND SCHEDULING ORDER

1.    Plaintiff intends that discovery be conducted under Discovery Level 3 of the Texas Rules

of Civil Procedure and will be filing an Agreed Scheduling Order with this Court.

## II.
## PARTIES AND SERVICE

2.    MARIA S. WINFIELD is an individual who resides in Forney, Texas. The last three

digits of her driver's license number are 196. The last three digits of her social security number

are 686.

3.    **QUIKTRIP CORPORATION** is a foreign corporation doing business in Texas and may

be served through its registered agent for service: **CT Corporation System, 1999 Bryan Street,**

**Suite 900, Dallas, Texas 75201**.

## III.

## JURISDICTION AND VENUE

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - 1**

Case 3:19-cv-02652-B   Document 1-2   Filed 11/06/19   Page 46 of 109   PageID 63

4.      Venue is appropriate in Dallas County, Texas because the incident giving rise to this lawsuit occurred in Dallas County, Texas. Plaintiff seeks damages within the jurisdictional limits of this Court.

## IV.
## FACTUAL BACKGROUND

5.      On October 8, 2017, Maria S. Winfield was an invitee at a Quicktrip in the City of Garland, Dallas County, Texas. The store was at all times material under the exclusive ownership, management, control and possession of Defendant Quicktrip Corporation.

6.      Ms. Winfield had come on Defendant's premises with Defendant's implied knowledge and permission, and she entered the hospital for the parties' mutual benefit.

7.      On that date, while exiting the store, Ms. Winfield suffered severe injury to her right ankle when she slipped and fell in water, which was coming from a hose used by Defendant's employee to rinse off the only public entrance/exit to the store. No signs, cones, or other warnings were in place, and no alternative means to exit the store was made available.

8.      Ms. Winfield's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which the Defendant knew or, in the exercise of ordinary care, should have known existed.

## V.
## PREMISES LIABILITY CAUSE OF ACTION

### A.      PREMISES LIABILITY:

9.      Here, Ms. Winfield was an invitee to the QT store, of which Defendant exercised control. The Defendant had actual or constructive knowledge of the wet entrance/exit to the store because it was Defendant's employee who hosed it down. The wet entrance/exit was a dangerous condition

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - 2**

and the proximate cause of Ms. Winfield's injury, for which she brings suit.

**B.    NEGLIGENT ACTIVITY:**

10.    In hosing down the store's only public entrance/exit, the Defendant had a duty to act as a

person of ordinary prudence would have acted in the same or similar circumstances. Defendant's

breach of that duty amounted to negligence, which was the proximate cause of injury to Ms.

Winfield, for which she brings suit.

## VII.
## DAMAGES

11.    As a result of the above, Plaintiff has suffered and seeks the following damages:

> Medical Expenses: Plaintiff has incurred serious bodily injuries for which she has
> sought and received *past* reasonable and necessary medical care and treatment.
> These past medical expenses were incurred for necessary care and treatment for the
> injuries complained of herein. The charges were both reasonable and the usual and
> customary charges for the same or similar services at the time and place rendered.
> Plaintiff also reasonably expects to incur *future* medical expenses in an amount
> within the jurisdictional limits of this Court;

> Physical Pain And Mental Anguish: Plaintiff has endured severe physical pain and
> mental anguish in the *past* and she reasonably expects that she will continue to
> endure physical pain and mental anguish into the *future* as a result of the injuries
> made the basis of this suit;

> Physical Impairment: Plaintiff has suffered *past* physical impairment that she
> reasonably expects to continue to suffer physical impairment in the *future* from the
> injuries made the basis of this suit in the future;

> Lost Earning Capacity: Plaintiff has suffered lost earning capacity in the *past* as a
> result in the injuries sustained, and reasonable expects that such lost earning
> capacity will continue into the *future*, for which she brings suit.

12.    By reason of the above and foregoing, Plaintiff has been damaged in a sum within the

jurisdictional limits of this Court, for which she hereby sues.

## VIII.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - 3**

## REQUEST FOR DISCLOSURE

13.     Plaintiff serves with this *Original Petition this Plaintiff's Request for Disclosure*,

pursuant to the Texas Rules of Civil Procedure 194. Plaintiff requests that Defendants provide

full and complete responses to all sub-parts delineated in TRCP 194.2 to the undersigned counsel

on or before fifty (50) days from service of this *Original Petition and Request for Disclosure*.

### IX.

### PRAYER FOR RELIEF

14.     WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be served

with this *Original Petition and Request for Disclosure*, and that after final trial or hearing of this

cause, Plaintiff recover from Defendant:

1.      Judgment for all economic and non-economic damages, liquidated and un-
        liquidated, in an amount within the jurisdictional limits of this Court;

2.      Prejudgment and Post-judgment interest at the maximum rate allowed by law;

3.      Costs of suit; and

4.      Such other and further relief, in law or equity, to which Plaintiff may show herself
        entitled in law or equity.

                        Respectfully submitted,

                        **AVANT LAW FIRM**


                        *Anjel Avant*
                        Anjel K. Avant
                        State Bar No. 01448470
                        1595 N. Central Expressway
                        Richardson, Texas 75080
                        972-705-9600 phone
                        972-705-9601 fax
                        anjel@avantlawfirm.com
                        **ATTORNEY FOR PLAINTIFF**

PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - 4

# EXHIBIT 2

Exhibit 2

FILED
2/5/2019 2:19 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-19-00294-E

| | | |
|---|---|---|
| MARIA S. WINFIELD, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 5 |
| | § | |
| QUIKTRIP CORPORATION, | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

---

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant, QuikTrip Corporation, files its Original Answer to Plaintiff's Original Petition and, in support thereof, would respectfully show as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

### II.
### DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY

Defendant specifically denies Plaintiff's claims that it was negligent.

### III.

Defendant claims that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to Plaintiff's damages, if any. Such acts or omissions of Plaintiff were the sole proximate cause of Plaintiff's damages, if any.

**IV.**

Defendant states that, in the unlikely event an adverse judgment would be rendered against it in this matter, Defendant would respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

**V.**

Defendant states that Plaintiff's damages complained of, if any, may have been the result of prior or pre-existing injuries, accidents, or conditions, and said prior or pre-existing injuries, accidents, or conditions were the sole and/or a contributing cause of the Plaintiff's damages alleged against Defendant.

**VI.**

Defendant would show that the accident complained of was an unavoidable accident, as that term is known in law.

**VII.**

Defendant asserts that it had neither actual nor constructive knowledge of the allegedly-hazardous condition about which Plaintiff complains, and that in any event, the alleged hazard was not "unreasonably dangerous."

**VIII.**

Pleading further and in the alternative, Defendant claims that the premises condition asserted by Plaintiff in her *Original Petition* was known to Plaintiff, was open and obvious, and/or was not concealed from Plaintiff and, therefore, Defendant denies that it owed any duty to warn Plaintiff of the alleged premises condition or protect her from same.

**IX.**

Defendant contends that any claims for medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

**X.**

Defendant claims that Plaintiff may be malingering and exaggerating the nature and severity of her alleged injuries in order to continue treatment, and accordingly, Defendant contends that Plaintiff's treatment may not be medically necessary or reasonable.

**XI.**

Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

**XII.**

Defendant further contends that Plaintiff may have breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of her alleged damages.

**XIII.**

**REQUEST FOR COURT REPORTER**

Defendant respectfully demands a court reporter be present at all proceedings before the Court.

**XIV.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, in law or in equity.

Respectfully submitted,

/s/ B. Kyle Briscoe
_____
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Nicolas M. Lund**
State Bar No. 24084391
nlund@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to, and in accordance with, the Texas Rules of Civil Procedure on February 5, 2019.

/s/ B. Kyle Briscoe
_____
**B. Kyle Briscoe**

# EXHIBIT 3

Exhibit 3

FILED
3/12/2019 5:11 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:19-cv-02652-B   Document 1-2   Filed 11/06/19   Page 55 of 109   PageID 72

CAUSE NO. CC-19-00294-E

| | | |
|---|---|---|
| MARIA S. WINFIELD, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 5 |
| | § | |
| QUIKTRIP CORPORATION, | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

---

**DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL**

---

On March 12, 2019, Defendant filed the attached Notice of Removal in the Office of the

Clerk of the United States District Court for the Northern District of Texas, Dallas Division.

Pursuant to 28 U.S.C. §1446(d), this Court shall not take any further action in this matter until

such time, if any, as this case is remanded to this Court.


Respectfully submitted,

/s/ B. Kyle Briscoe
_____
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Nicolas M. Lund**
State Bar No. 24084391
nlund@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in this cause in accordance with the Texas Rules of Civil Procedure on March 12, 2019.

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**

# EXHIBIT A

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA S. WINFIELD, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-00612 |
| | § | |
| QUIKTRIP CORPORATION, | § | |
|     Defendant. | § | |

---

### DEFENDANT'S NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant QuikTrip Corporation ("QuikTrip") in the cause styled "Maria S. Winfield v. QuikTrip Corporation," originally pending as Cause No. CC-19-00294-E in the County Court at Law No. 5 of Dallas County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

### I.
### BASIS FOR REMOVAL

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties. QuikTrip is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

## II.
### DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

QuikTrip Corporation, at the time of the initial filing of this action and at the time of the removal of this action, was and is a corporation formed under the laws of Oklahoma with its principal place of business in Tulsa, Oklahoma. QuikTrip Corporation has never been a resident of, incorporated in, or had its principal place of business in the State of Texas.

### III.
### FACTUAL BACKGROUND

Plaintiff claims that, on or about October 8, 2017, she sustained personal injuries as a result of a slip-and-fall at a QuikTrip convenience store in Garland, Texas.[1] Plaintiff filed suit on January 14, 2019, in the in the County Court at Law No. 5 of Dallas County, Texas, alleging negligence causes of action against QuikTrip. Plaintiff seeks damages for past and future medical expenses, past and future physical pain and mental anguish, past and future physical impairment, and past and future lost earning capacity.[2]

### IV.
### THE AMOUNT IN CONTROVERSY

Plaintiff has failed to state an amount in controversy, and Plaintiff has failed to stipulate that she is not seeking damages in excess of $75,000—therefore, the amount in controversy is properly presumed to exceed $75,000, exclusive of interest and costs.

---

[1] *See Plaintiff's Original Petition* attached hereto as Exhibit 3
[2] *Id.*

Plaintiff's Original Petition does not state an amount, or even a range, of the monetary damages being sought from Defendant.[3]   Consequently, on February 19, 2019, QuikTrip sent correspondence to Plaintiff requesting that she stipulate that her damages do not exceed $75,000.00, exclusive of interest and costs.[4]   Per Defendant's stipulation letter, Plaintiff was given until March 1, 2019, to respond to the letter or she would be presumed opposed to the stipulation.[5]   Plaintiff did not stipulate to her damages being less than $75,000, exclusive of interest and costs, and her failure to stipulate raises the presumption that the amount in controversy in this lawsuit exceeds $75,000.00 exclusive of interest and costs, thereby invoking federal court jurisdiction.[6]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."  28 U.S.C. § 1446(b). QuikTrip first became aware this case was removable on or about March 1, 2019, when Plaintiff failed to stipulate that she was seeking $75,000 or less in damages from Defendant, exclusive of interest and costs. Accordingly, this removal is timely because it is made within thirty days after

---

[3] *Id.*

[4] *See Defendant's Proposed Stipulation Letter*, attached hereto as Exhibit 1.

[5] *See Defendant's Proposed Stipulation Letter*, attached hereto as Exhibit 1.

[6] *See, e.g., Miranti v. Lee*, 3 F.3d 925 (5th Cir. 1993); *Cross v. Bell Helmets,* USA, 927 F. Supp 209 (E.D. Tex. 1996) ("The rule is extremely simple:  If the plaintiff desires to stipulate damages less than [the jurisdictional amount], do so in the state court, and case will not be removable"); *Meier v. Coresource , Inc.*, 173 F.3d 429 (disposition table), 1999 WL 133255 at *1 (6th Cir. 1999) ("When [plaintiff] refused to stipulate that the maximum amount sought was $47,500, the district court was justified in concluding that the amount in controversy… was in excess of [federal jurisdictional limit]"); *Dowdy v. Allstate Prop. & Cas. Ins. Co.*, 2002 WL 31421929 (N.D. Tex. Oct. 21, 2002); *Heitman v. State Farm Mut. Auto. Ins. Co.*, 2002 WL 546756, *3  (N.D. Tex. Apr. 9, 2002) ("[plaintiff's] counsel would not enter into the stipulation. The refusal to stipulate that the amount in controversy does not exceed $75,000 indicates that the

the receipt by QuikTrip of the document which first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on January 20, 2010.  28 U.S.C. § 1446(b).

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

QuikTrip filed with the Clerk of the County Court at Law No. 5 of Dallas County, Texas, a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached:

1)      February 19, 2019, correspondence from Nicolas M. Lund to Ms. Angel K. Avant;

2)      State court docket sheet (as of March 12, 2019);

3)      Plaintiff's Original Petition and Request for Disclosure and Citation (filed January 14, 2019); and

4)      Defendant's Original Answer (filed February 5, 2019).

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with this Notice:

- Civil Cover Sheet
- Supplemental Civil Cover Sheet
- Certificate of Interested Persons

---

actual amount in controversy does exceed that sum"); *Del Real v. Healthsouth Corp.*, 171 F.Supp.2d 1041 (D. Ariz. 2001) (remand denied where plaintiff refused to stipulate damages below federal jurisdictional amount).

**WHEREFORE, PREMISES CONSIDERED,** Defendant QuikTrip Corporation respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division. Praying further, Defendant seeks such other and further relief, both at law and in equity, to which they may show itself justly entitled.

Respectfully submitted,

/s/ B. Kyle Briscoe
_____

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Nicolas M. Lund**
State Bar No. 24084391
nlund@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to, and in accordance with, the Federal Rules of Civil Procedure on March 12, 2019.

/s/ B. Kyle Briscoe
_____

**B. Kyle Briscoe**

# EXHIBIT 4

Exhibit 4

CAUSE NO. CC-19-00294-E

| | | |
|---|---|---|
| MARIA WINFIELD **Plaintiff (s)** | § | IN THE COUNTY COURT AT LAW NO. 5 |
| **Vs** | § | |
| QUIKTRIP CORPORATION **Defendant (s)** | § | DALLAS COUNTY, TEXAS |
| | § | |

## ORDER TO CLOSE FILE
### (REMOVAL TO FEDERAL COURT)

ON THIS DAY, this Court took notice that this case has been removed to a United States District Court for NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION proceedings through entry of final judgment or dismissal. This Court lost jurisdiction at the time of filing of the notice of removal. Accordingly,

IT IS, THEREFORE, **ORDERED, ADJUDGED** AND **DECREED** by the Court that the clerk of the Court shall close this file and remove it from the active docket of pending cases assigned to this Court for proceedings through final judgment.

SO **ORDERED** this 14th day of March, 2019.

Judge, MARK GREENBERG
County Court at Law No. 5

CC-19-00294-E
CORF
ORDER — REMOVAL (FEDERAL COURT)
2049616

# EXHIBIT 5

Exhibit 5

FILED
10/4/2019 4:19 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## CAUSE NO. CC-19-00294-E

| | | |
|---|---|---|
| **MARIA S. WINFIELD** | § | **IN THE COUNTY COURT** |
| | § | |
| **vs.** | § | **AT LAW NO. 5** |
| | § | |
| **QUICKTRIP CORPORATION** | § | **DALLAS COUNTY,TEXAS** |

### NOTICE OF ORDER OF REMAND FROM FEDERAL COURT

NOW COMES **MARIA S. WINFIELD**, Plaintiff in the above-styled and -numbered

Cause, and, pursuant to Texas Rule of Civil Procedure 237a, files this Notice that the Honorable

Ada E. Brown, United States District Judge, has remanded this case to the County Court at Law

No. 5 of Dallas County, Texas. A copy of the Order signed October 4, 2019 is attached as Exhibit

"A."

Respectfully submitted,

**AVANT LAW FIRM**

*Kelly MacDevitt*

Anjel K. Avant
State Bar No. 01448470
anjel@avantlawfirm.com
Kelly MacDevitt
State Bar No. 24099699
kelly@avantlawfirm.com
1595 North Central Expressway
Richardson, Texas 75080
972-705-9600 phone
972-705-9601 fax
**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

This certifies that a true and correct copy of this Notice with attached Order was sent via
fax (214) 999-0551 to Defendant's attorney, Nick Lund, on October 4, 2019, pursuant to the Texas
Rules of Civil Procedure.

*Kelly MacDevitt*

**Kelly MacDevitt**

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA S. WINFIELD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-00612-E |
| | § | |
| QUIKTRIP CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff's Motion for Leave of Court to File Plaintiff's First Amended Complaint (Doc. No. 22). Plaintiff seeks to add a nondiverse defendant. Defendant QuikTrip Corporation (QT) did not file a response. After careful consideration, the Court will grant the motion. Because this joinder destroys diversity jurisdiction, the Court will also remand the case to state court.

Plaintiff Maria S. Winfield filed this lawsuit against QT in state court in March 2019. She alleged that on October 8, 2017, she was an invitee at a QT store in Garland, Texas. She further alleged she fell as a result of water coming from a hose a QT employee was using to rinse off the entrance/exit to the store. She pleaded two theories of liability—premises liability and negligent activity. QT removed the case to federal court based on diversity jurisdiction. Winfield is a Texas resident, and QT is an Oklahoma corporation. By her motion, Winfield seeks to amend her complaint to add Jordan Chapman, the QT employee who was using the hose, as a defendant. Chapman is a Texas resident.

ORDER – PAGE 1

If, after removal, a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, we can either deny the motion to amend or grant it and remand to state court. 28 U.S.C. § 1447(e). When considering whether to allow an amended complaint naming a new nondiverse defendant in a removed case, we should scrutinize the amendment more closely than an ordinary amendment. *Hensgens v. Deer & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). There are four factors to consider in determining whether to permit joinder of a nondiverse defendant after removal: 1) the extent to which the purpose of the amendment is to defeat diversity jurisdiction; 2) whether plaintiff has been dilatory in seeking amendment; 3) whether plaintiff will be significantly injured if amendment is not allowed; and 4) any other special equitable factors. *Id.*

Winfield's amended complaint alleges that Chapman was negligent in using the hose to wash down the walkway outside the entrance and exit to the store. As to the first factor, courts have held that when a plaintiff states a viable claim against a nondiverse defendant, it is unlikely that the primary purpose of the amendment is to destroy diversity jurisdiction. *See, e.g., McNeel v. Kemper Cas. Ins. Co.*, No. 3:04-CV-0734, 2004 WL 1635757, at *2 (N.D. Tex. July 21, 2004); *see also Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984) (corporation's employee is personally liable for tortious acts which he directs or participates in during his employment).

As to the second factor, Winfield was not dilatory in seeking to add Chapman. According to Winfield, she requested the identity of the employee who hosed down the walkway in a Request for Disclosure served on QT in January 2019 and in her First Set of

Interrogatories served on QT in February 2019. QT first identified Chapman as the employee in question on July 17, 2019. Winfield filed her motion for leave on August 18, 2019. QT has not disputed this timeline.

The third factor is whether Winfield would be significantly injured by the denial of her motion for leave to amend. Winfield asserts she would be prejudiced by having to file her negligence claim against Chapman in state court. District courts have recognized that duplicative lawsuits arising out of the same facts in two different courts can be a financial burden to a plaintiff and a waste of judicial resources and could potentially lead to inconsistent results. *See, e.g., Stephens v. Stardust Ventures, LLC*, No. A-08-CA-404LY, 2008 WL 11334177, at *4 (W.D. Tex. Oct. 17, 2008). This factor weighs in Winfield's favor.

Finally, we consider any other equitable factors. We note that Winfield seeks to amend her complaint before the deadlines for joinder and discovery. In addition, no depositions have been taken and the parties have not responded to any discovery exchanged in this federal proceeding. Only one order has been issued during the time the case has been pending in federal court—an order granting Winfield's request for the Court to order that section 18.001(b) of the Texas Civil Practice and Remedies Code applies in this case. We conclude the *Hensgens* factors weigh in favor of permitting the amendment.

Accordingly, Plaintiff's Motion for Leave of Court to File Plaintiff's First Amended Complaint is **GRANTED**. Because this joinder destroys the Court's diversity jurisdiction, the Court **REMANDS** this case to the County Court at Law No. 5 of Dallas County, Texas.

ORDER – PAGE 3

**SO ORDERED.**

Signed October 4, 2019.

Ada E. Brown
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 4

# EXHIBIT 6

Exhibit 6

FILED
10/4/2019 4:41 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:19-cv-02652-B   Document 1-2   Filed 11/06/19   Page 73 of 109   PageID 90

## CAUSE NO. CC-19-00294-E

| | | |
|---|---|---|
| **MARIA S. WINFIELD** | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **vs.** | § | **AT LAW NO. 5** |
| | § | |
| **QUIKTRIP CORPORATION** | § | **DALLAS COUNTY, TEXAS** |

## NOTICE OF FILING AND INTENT TO USE BILLING RECORDS

NOW COMES **MARIA S. WINFIELD**, Plaintiff in the above-styled and -numbered Cause, and, pursuant to Texas Rule of Evidence 902, files this intent to use the below listed business records and accompanying self-authenticating affidavits (attached hereto) at the trial and/or any hearing regarding this matter:

1. *Affidavit Concerning Cost & Necessity of Services & Business Records Pursuant to C.P.R.C. § 18.001 and T.R.E. 902 for **Baylor University Medical Center Dallas**, notarized on January 31, 2019;*

2. *Affidavit Concerning Cost & Necessity of Services & Business Records Pursuant to C.P.R.C. § 18.001 and T.R.E. 902 for **Century Integrated Partners, Inc.**, notarized on January 21, 2019;*

3. *Affidavit Concerning Cost & Necessity of Services & Business Records Pursuant to C.P.R.C. § 18.001 and T.R.E. 902 for **American Radiology Consultants**, notarized on January 30, 2019;*

4. *Affidavit Concerning Cost & Necessity of Services & Business Records Pursuant to C.P.R.C. § 18.001 and T.R.E. 902 for **North Star MCD, LLC**, signed on February 20, 2019;*

5. *Affidavit Concerning Cost & Necessity of Services & Business Records Pursuant to C.P.R.C. § 18.001 and T.R.E. 902 for **Johnson Chiropractic**, notarized on January 22, 2019;*

6. *Affidavit Concerning Cost & Necessity of Services & Business Records Pursuant to C.P.R.C. § 18.001 and T.R.E. 902 for **Preferred Open MRI - Rowlett**, notarized on January 31, 2019;*

7. *Affidavit Concerning Cost & Necessity of Services & Business Records Pursuant to C.P.R.C. § 18.001 and T.R.E. 902 for **Texas Health Surgery Center Addison**, notarized on February 13, 2019; and*

8. *Affidavit Concerning Cost & Necessity of Services & Business Records Pursuant to C.P.R.C. § 18.001 and T.R.E. 902 for **US Anesthesia Partners**, notarized on February 11, 2019.*

9. *Affidavit Concerning Cost & Necessity of Services & Business Records Pursuant to C.P.R.C. § 18.001 and T.R.E. 902 for **Greater Dallas Orthopaedics**, notarized on March 20, 2019.*

Respectfully submitted,

**AVANT LAW FIRM**

_____

Anjel K. Avant
State Bar Number 01448470
anjel@avantlawfirm.com
Katherine Blakley
State Bar Number 24097391
katherine@avantlawfirm.com
1595 North Central Expressway
Richardson, Texas 75080
972-705-9600 phone
972-705-9601 fax

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This certifies that a true and correct copy of this Notice with attached affidavits was sent via e-mail, to Defendant's attorney-of-record on October 4th, 2019, pursuant to the Texas Rules of Civil Procedure.

_____

**Anjel K. Avant**

## AFFIDAVIT CONCERNING COST & NECESSITY OF SERVICES & BUSINESS RECORDS

STATE OF TEXAS          §

COUNTY OF Dallas      §
                         §

Before me, the undersigned authority, personally appeared Shelby Shaddox, who, being by me duly sworn, deposed as follows:

My name is Shelby Shaddox. I am of sound mind and capable of making this affidavit, and personally acquainted with the facts herein stated.

I am a custodian of records for **Baylor University Medical Center Dallas** Attached to this affidavit are records that provide an itemized statement of the service and the charge for the service that **Baylor University Medical Center Dallas** provided to **Maria Winfield** on the dates reflected in the attached itemized statement. The attached records are a part of this affidavit.

The attached records are kept by **Baylor University Medical Center Dallas** in the regular course of business, and it was the regular course of business of Baylor University Medical Center Dallas for an employee or representative of **Baylor University Medical Center Dallas**, with knowledge of the service provided, to make the record or to transmit information to be included in the record. The records were made in the regular course of business at or near the time or reasonably soon after the time the service was provided. The records are the original or a duplicate of the original.

The services provided were necessary and the amount charged for the services was reasonable at the time and place that the services were provided.

The total amount paid for the medical services was $ Ø    and the amount currently unpaid but which **Baylor University Medical Center Dallas**, has a right to be paid after any adjustments or credits is $ 1,790.90

Shelby Shaddox
Affiant

SWORN TO AND SUBSCRIBED before me on the 31st day of January, 2019.

Susan Cox
Notary Public, State of Texas

Notary's printed name: SUSAN COX      My commission expires: 12-30-19



SUSAN COX
Notary Public, State of Texas
Comm. Expires 12-30-2019
Notary ID 130482324

Affidavit of Records Custodian of

Century Integrated Partners, Inc.
Groups Name

**STATE OF OKLAHOMA**

**COUNTY OF OKLAHOMA**

Before me, the undersigned authority personally appeared Martha Mbugua, who, being by me duly sworn, deposed as follows:

My name is Martha Mbugua. I am of sound mind and capable of making this affidavit, and personally acquainted with the facts herein stated.

I am a custodian of records for Century Integrated Partners, Inc. Attached to this affidavit are records that provide an itemized statement of the service and the charge for the service(s) that Century Integrated Partners, Inc provided to WINFIELD, MARIA on 10/08/2017. The attached records are a part of this affidavit.

The attached records are kept by Century Integrated Partners, Inc in the regular course of business, and it was the regular course of business of Century Integrated Partners, Inc for an employee or representative of Century Integrated Partners, Inc, with knowledge of the service provided, to make the record or to transmit information to be included in the record. The records were made in the regular course of business at or near the time or reasonably soon after the time the service was provided. The records are the original or duplicate of the original.

The services provided were necessary and the amount charged for the service was reasonable at the time and place that the services were provided.

The total amount paid for the service was $0.00 and the amount currently unpaid but which Century Integrated Partners, Inc has a right to be paid after any adjustments or credits is $203.71.

Affiant

SWORN TO AND SUBSCRIBED before me on the 21 day, of January 2019

Notary Public, State of Oklahoma

PAULINE E WARREN
NOTARY
# 17011055
EXP. 12/04/21
STATE PUBLIC
OF OKLAHOMA

commission expires



## AFFIDAVIT FOR AMERICAN RADIOLOGY CONSULTANTS

RE: MARIA S WINFIELD

**BEFORE ME**, *the undersigned authority, personally appeared* **CHERYL GRANGER**

*Who, being by me duly sworn, deposed as follows:*

*My name is* **CHERYL GRANGER**; *I am of sound mind, capable of making this Affidavit and personally*

*Acquainted with the facts* herein stated: I am the custodian of the billing records for

__AMERICAN RADIOLOGY CONSULTANTS__ who provided the service.

These said pages of bills are kept by AMERICAN RADIOLOGY CONSULTANTS in the regular course of business, and it was in the regular course of business for our legal representative with knowledge of the act, event, condition, opinion or diagnosis recorded to make the billing record or to transmit information thereof to be included in such bill: and the bill was made at or near the time or reasonably soon thereafter. The bill attached is the original or exact duplicates of the original.

The total amount paid for the service was $ 0.00 (amount paid) and the amount currently unpaid but which __AMERICAN RADIOLOGY CONSULTANTS__ has the right to be paid after any adjustments or credits is $ 31.00 (Remaining Balance).

*Cheryl Granger*

LEGAL & BILLING SPECIALIST

SWORN TO AND SUBSCRIBED BEFORE ME THIS 30 **DAY OF** JANUARY 2019

*Lisa Burgam*

LISA BURGAMY
MY COMM. EXP.
NOTARY
PUBLIC
MAY 8, 2020
HARRIS COUNTY GEORGIA

**AFFIDAVIT CONCERNING COST & NECESSITY OF SERVICES & BUSINESS RECORDS**

| | |
|---|---|
| STATE OF Texas | § |
| | § |
| COUNTY OF Collin | § |

Before me, the undersigned authority, personally appeared Shanna Gonzales, who, being by me duly sworn, deposed as follows:

My name is Shanna Gonzales. I am of sound mind and capable of making this affidavit, and personally acquainted with the facts herein stated.

I am a custodian of records for **North Star MCD, LLC** Attached to this affidavit are records that provide an itemized statement of the service and the charge for the service that **North Star MCD, LLC** provided to **Maria Winfield** on the dates reflected in the attached itemized statement. The attached records are a part of this affidavit.

The attached records are kept by **North Star MCD, LLC** in the regular course of business, and it was the regular course of business of **North Star MCD, LLC** for an employee or representative of **North Star MCD, LLC,** with knowledge of the service provided, to make the record or to transmit information to be included in the record. The records were made in the regular course of business at or near the time or reasonably soon after the time the service was provided. The records are the original or a duplicate of the original.

The services provided were necessary and the amount charged for the services was reasonable at the time and place that the services were provided.

The total amount paid for the medical services was $ 32.18 and the amount currently unpaid but which **North Star MCD, LLC,** has a right to be paid after any adjustments or credits is $ 200.00.

_____
Custodian

**UNSWORN DECLARATION PURSUANT TO §132.001**
**TEXAS CIVIL PRACTICE & REMEDIES CODE**

My name is Shanna Gonzales my date of birth is 9/25/1985
And my address is:
71600 windrose Ave Ste G325 Plano TX 75024
(Street)          (City)          (State)     (Zip Code)

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Collin County, State of Texas on the 20th day of February 2019

_____
Custodian

## AFFIDAVIT CONCERNING COST & NECESSITY OF SERVICES & BUSINESS RECORDS

STATE OF TEXAS       §
                         §
COUNTY OF Kaufman    §

Before me, the undersigned authority, personally appeared Linda Loyd, who, being by me duly sworn, deposed as follows:

My name is Linda Loyl . I am of sound mind and capable of making this affidavit, and personally acquainted with the facts herein stated.

I am a custodian of records for **Johnson Chiropractic** Attached to this affidavit are records that provide an itemized statement of the service and the charge for the service that **Johnson Chiropractic** provided to **Maria Winfield** on the dates reflected in the attached itemized statement. The attached records are a part of this affidavit.

The attached records are kept by **Johnson Chiropractic** in the regular course of business, and it was the regular course of business of Johnson Chiropractic for an employee or representative of **Johnson Chiropractic,** with knowledge of the service provided, to make the record or to transmit information to be included in the record. The records were made in the regular course of business at or near the time or reasonably soon after the time the service was provided. The records are the original or a duplicate of the original.

The services provided were necessary and the amount charged for the services was reasonable at the time and place that the services were provided.

The total amount paid for the medical services was $ ___θ___ and the amount currently unpaid but which **Johnson Chiropractic,** has a right to be paid after any adjustments or credits is $ **1,530.00**

Linda Loyd
Affiant

SWORN TO AND SUBSCRIBED before me on the 22nd day of January, 2019 .

Krystal Beaubien
Notary Public, State of Texas

Notary's printed name: Krystal Beaubien My commission expires: 2-7-22

KRYSTAL CHEYENNE BEAUBIEN
Notary ID #129704408
My Commission Expires
February 7, 2022

## AFFIDAVIT CONCERNING COST & NECESSITY OF SERVICES & BUSINESS RECORDS

STATE OF TEXAS         §
                           §

COUNTY OF DALLAS    §

Before me, the undersigned authority, personally appeared Breana Austin, who, being by me duly sworn, deposed as follows:

My name is Breana Austin. I am of sound mind and capable of making this affidavit, and personally acquainted with the facts herein stated.

I am a custodian of records for **Preferred Open MRI - Rowlett** Attached to this affidavit are records that provide an itemized statement of the service and the charge for the service that **Preferred Open MRI - Rowlett** provided to **Maria Winfield** on the dates reflected in the attached itemized statement. The attached records are a part of this affidavit.

The attached records are kept by **Preferred Open MRI - Rowlett** in the regular course of business, and it was the regular course of business of **Preferred Open MRI - Rowlett** for an employee or representative of **Preferred Open MRI - Rowlett,** with knowledge of the service provided, to make the record or to transmit information to be included in the record. The records were made in the regular course of business at or near the time or reasonably soon after the time the service was provided. The records are the original or a duplicate of the original.

per doctors' order

The services provided were necessary and the amount charged for the services was reasonable at the time and place that the services were provided.

The total amount paid for the medical services was $ 0.00 and the amount currently unpaid but which **Preferred Open MRI - Rowlett,** has a right to be paid after any adjustments or credits is $ 2,070.00 .

Breana Austin
Affiant

SWORN TO AND SUBSCRIBED before me on the 31 day of January, 2019 .

D.P.M. SRL
Notary Public, State of Texas

DANIEL M SCURLOCK
Notary Public, State of Texas
Comm Expires 10-10-2020
Notary ID 130855699

Notary's printed name: Daniel M. Scurlock  My commission expires: 10.10.2020

# EXHIBIT 7

Exhibit 7

Case 3:19-cv-02652-B  Document 1-2  Filed 11/06/19  Page 82 of 109  PageID 99

CAUSE NO. CC-19-00294-E

| | | |
|---|---|---|
| **MARIA S. WINFIELD** | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **vs.** | § | **AT LAW NO. 5** |
| | § | |
| **QUIKTRIP CORPORATION** | § | **DALLAS COUNTY, TEXAS** |

## NOTICE OF FILING AND INTENT TO USE MEDICAL RECORDS

NOW COMES **MARIA S. WINFIELD**, Plaintiff in the above-styled and -numbered Cause, files this intent to use the below listed business records and accompanying self-authenticating affidavits (attached hereto) at the trial and/or any hearing regarding this matter:

1.  *Affidavit for Authentication of Business Records Pursuant to T.R.E. 902 for **Baylor University Medical Center at Dallas**, notarized on January 31, 2019;*
2.  *Affidavit for Authentication of Business Records Pursuant to T.R.E. 902 for **Johnson Chiropractic**, notarized on January 22, 2019;*
3.  *Affidavit for Authentication of Business Records Pursuant to T.R.E. 902 for **Preferred Open MRI - Rowlett**, notarized on January 31, 2019;*
4.  *Affidavit for Authentication of Business Records Pursuant to T.R.E. 902 for **Texas Health Surgery Center Addison**, notarized on February 13, 2019; and*
5.  *Affidavit for Authentication of Business Records Pursuant to T.R.E. 902 for **Greater Dallas Orthopedics**, notarized on January 23, 2019.*

Respectfully submitted,

**AVANT LAW FIRM**

Anjel K. Avant
State Bar Number 01448470
anjel@avantlawfirm.com
1595 North Central Expressway
Richardson, Texas 75080
972-705-9600 phone
972-705-9601 fax
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of this Notice with attached affidavits and was sent via email, to Defendant's attorney-of-record on October 4th, 2019, pursuant to the Texas Rules of Civil Procedure.

**Anjel K. Avant**

# EXHIBIT 8

Exhibit 8

CAUSE NO. CC-19-00294-E

| | | |
|---|---|---|
| MARIA S. WINFIELD | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NO. 5 |
| | § | |
| QUICKTRIP CORPORATION | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

1.    NOW COMES, MARIA S. WINFIELD complaining of QUIKTRIP CORPORATION (hereinafter "Quicktrip") and JORDAN CHAPMAN ("hereinafter Mr. Chapman") and would show the Court as follows:

### I.
### PARTIES

2.    **MARIA S. WINFIELD** is an individual who resides in Kaufman County, Texas. The last three digits of her driver's license number are 196.  The last three digits of her social security number are 686.

3.    Defendant **QUIKTRIP CORPORATION** is a foreign corporation doing business in the State of Texas, and has filed an Answer, making an appearance in this lawsuit.

4.    Defendant **JORDAN CHAPMAN** is an individual and resident of the City of Sasche, in Dallas County, Texas. Service of process may be perfected by serving Defendant at his residence: **2634 WRANGLER SACHSE, TEXAS 75048 OR WHEREVER HE MAY BE FOUND**.

### II.

### JURISDICTION AND VENUE

4.    This case was remanded from Federal court to this court on October 4, 2019

5.    Venue is appropriate in Dallas County, Texas because the incident giving rise to this

**PLAINTIFF'S FIRST AMENDED PETITION - 1**

lawsuit occurred in Dallas County, Texas.

6.       Pursuant to T.R.C.P. Rule 47, Plaintiff hereby seeks monetary relief in an amount that is more than $200,000 and less than $1,000,000. This statement is made for purposes of meeting the requirement of Rule 47 and not for argument to the jury. The monetary relief actually awarded will ultimately be determined by the jury.

## IV.
## FACTUAL BACKGROUND

7.       On October 8, 2017, Maria S. Winfield was an invitee at a Quiktrip in the City of Garland, Dallas County, Texas. The Quiktrip store was at all times material under the exclusive ownership, management, control and possession of Defendant Quiktrip. Likewise, at all times relevant to Plaintiff's cause of action, Defendant Chapman was an employee at the store.

8.       Ms. Winfield had come on the premises with Defendants' implied knowledge and permission, and she entered the store for the parties' mutual benefit.

9.       On that date, while exiting the store, Ms. Winfield suffered severe injury to her right ankle when she slipped and fell in water, which was coming from a hose used by Defendant Chapman to rinse off the only public entrance/exit to the store. No signs, cones, or other warnings were in place, and no alternative means to exit the store was made available.

10.      Ms. Winfield's bodily injuries occurred as a direct result of a fall that was proximately caused by the wet walkway, which the Defendants knew or, in the exercise of ordinary care, should have known existed.

## V.
## CAUSES OF ACTION

### A.      NEGLIGENT ACTIVITY:

**PLAINTIFF'S FIRST AMENDED PETITION - 2**

11.     At all times relevant to Plaintiff's cause of action, Defendant Chapman was a Quiktrip store employee, who used the hose to wash down the pavement of the walkway necessary to enter/exit the store. In hosing down the store's only public entrance/exit, Mr. Chapman had a duty to act as a person of ordinary prudence would have acted in the same or similar circumstances. Mr. Chapman's breach of that duty amounted to negligence, which was the proximate cause of injury to Ms. Winfield, for which she brings suit.

12.     Defendant Chapman was responsible for making sure that the store area was free of hazards to invitees such as Plaintiff.  Mr. Chapman had actual or constructive knowledge of the wet entrance/exit to the store because it was he who hosed it down. The hosing down of the only entrance/exit was a proximate cause of Ms. Winfield's injury, for which she brings suit.

**B.     PREMISES LIABILITY:**

13.     Ms. Winfield was an invitee to the QT store, of which Defendant exercised control. Quickstop and Mr. Chapman had actual or constructive knowledge of the wet entrance/exit to the store because it was Mr. Chapman, Defendant's employee, who hosed it down. The wet entrance/exit was a dangerous condition and the proximate cause of Ms. Winfield's injury, for which she brings suit.

**VII.**
**DAMAGES**

14.     As a result of the above, Plaintiff has suffered and seeks the following damages:

> Medical Expenses: Plaintiff has incurred serious bodily injuries for which she has sought and received ***past*** reasonable and necessary medical care and treatment. These past medical expenses were incurred for necessary care and treatment for the injuries complained of herein. The charges were both reasonable and the usual and customary charges for the same or similar services at the time and place rendered. Plaintiff also reasonably expects to incur ***future*** medical expenses in an amount within the jurisdictional limits of this Court;

**PLAINTIFF'S FIRST AMENDED PETITION - 3**

<u>Physical Pain And Mental Anguish</u>: Plaintiff has endured severe physical pain and mental anguish in the ***past*** and she reasonably expects that she will continue to endure physical pain and mental anguish into the ***future*** as a result of the injuries made the basis of this suit;

<u>Physical Impairment</u>: Plaintiff has suffered ***past*** physical impairment that she reasonably expects to continue to suffer physical impairment in the ***future*** from the injuries made the basis of this suit in the future;

<u>Lost Earning Capacity</u>: Plaintiff has suffered lost earning capacity in the ***past*** as a result in the injuries sustained, and reasonable expects that such lost earning capacity will continue into the ***future***, for which she brings suit.

15.     By reason of the above and foregoing, Plaintiff has been damaged in a sum within the jurisdictional limits of this Court, for which she hereby sues.

**VIII.**

**<u>PRAYER FOR RELIEF</u>**

16.     WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant JORDAN CHAPMAN be served with this *First Amended Petition*, and that after final trial or hearing of this cause, Plaintiff recover from Defendants:

1.     Judgment for all economic and non-economic damages, liquidated and un-liquidated, in an amount within the jurisdictional limits of this Court;

2.     Prejudgment and Post-judgment interest at the maximum rate allowed by law;

3.     Costs of suit; and

4.     Such other and further relief, in law or equity, to which Plaintiff may show herself entitled in law or equity.

**PLAINTIFF'S FIRST AMENDED PETITION - 4**

Respectfully submitted,

**AVANT LAW FIRM**

*Anjel Avant*
Anjel K. Avant
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
972-705-9600 phone
972-705-9601 fax
anjel@avantlawfirm.com
**ATTORNEY FOR PLAINTIFF**


## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the forgoing was served on all counsel of

record on this 4th day of October, 2019 via e-mail pursuant to the Texas Rules of Civil

Procedure.

*Anjel Avant*
Anjel K. Avant

# EXHIBIT 9

Exhibit 9



**JUDGE MARK GREENBERG**
**COUNTY COURT AT LAW NO. 5**
**GEORGE L. ALLEN, SR. COURTS BUILDING**
**600 COMMERCE STREET, 5TH FLOOR**
**DALLAS, TEXAS 75202**
**214-653-6503**

CHAMBERS OF JUDGE MARK GREENBERG

OCTOBER 08, 2019

B KYLE BRISCOE
THE PEAVLER GROUP
2215 WESTGATE PLAZA
GRAPEVINE TX 76051

**NOTICE OF NON-JURY TRIAL**

Cause No.:                CC-19-00294-E

Style of case:            MARIA WINFIELD vs.QUIKTRIP CORPORATION, JORDAN CHAPMAN

All Counsel of Record:

The parties are instructed to cross-serve this notice on all adverse parties in compliance with the Texas Rules of Civil Procedure 21a.

Please take note of the following settings:

      Non-Jury Trial:        October 19, 2020 @ 9:00 A.M.

Trial announcements in ALL cases must be made in accordance with Local Rule 3.02(a).   WHEN NO ANNOUNCEMENT IS MADE FOR PLAINTIFF, THE CASE MAY BE DISMISSED FOR WANT OF PROSECUTION.

An agreed or unopposed motion for continuance, even for a first trial setting, will NOT automatically be granted. Counsel (or pro se **parties**) are responsible for contacting court personnel to determine if a continuance has been granted or denied.   FAILURE TO APPEAR FOR TRIAL MAY RESULT IN CASE DISMISSAL OR DEFAULT JUDGMENT, AND EVEN AN AGREED OR UNOPPOSED MOTION TO REINSTATE WILL NOT BE AUTOMATICALLY GRANTED.

Completion of discovery, presentation of pretrial motions and other matters relating to preparation for trial are governed by the Local Rules of the Civil Courts of Dallas County from the County Clerk's Office and at www.dallascourts.com.

Sincerely,

Judge Mark Greenberg
County Court at Law No. 5

* A JURY DEMAND MUST BE MADE IN WRITING AND SUBMITTED WITH FEE TO: MR. JOHN WARREN, DALLAS COUNTY CLERK, 600 COMMERCE, #101, DALLAS, TEXAS 75202.

**Dallas County no longer maintains paper files, if you file a pleading within 24 hours of a trial or hearing please provide a courtesy copy to the court at the trial/hearing.  Thank you.**

# EXHIBIT 10

**Exhibit 10**

CC-19-00294-E

|                            | §  |                     |
| MARIA WINFIELD             | §  | IN THE COUNTY COURT |
| vs.QUIKTRIP                | §  |                     |
| CORPORATION, JORDAN        | §  | AT LAW NO. 5        |
| CHAPMAN                    | §  |                     |
|                            | §  | DALLAS COUNTY, TEXAS|

### MEDIATION ORDER

This case is appropriate for mediation pursuant to Section 154.001 et seq. of the Texas Civil Practice and Remedies Code. **KAREN M GAMMON @ Work: 214-965-0300** is appointed mediator in the above case and all counsel are directed to contact mediator to arrange the logistics of mediation within 7 days from the date of this Order. Any objection to this Order must be filed and served upon all parties and the mediator, and a hearing must be requested, within 10 days from the date of receipt of this Order; an objection that is neither timely filed nor ruled upon before the scheduled mediation may be waived.

Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of the mediator. Mediation is private, confidential and privileged from process and discovery. After mediation, the court will be advised by the mediator, parties and counsel, only that the case did or did not settle. The mediator shall not be a witness nor may the mediators records be subpoenaed or used as evidence. No subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session, upon any person entering, leaving or attending any mediation session.

The mediator will negotiate a reasonable fee with the parties which shall be divided and borne equally by the parties unless agreed otherwise, paid by the parties directly to the mediator, and taxed as costs. If the parties do not agree upon the fee requested by the mediator, the court will set a reasonable fee, which shall be taxed as costs. Each party and their counsel will be bound by the rules for mediation printed on the reverse hereof, and shall complete the information forms as are furnished by the mediator.

Named parties shall be present during the entire mediation process and each corporate party must be represented by an executive officer with authority to negotiate a settlement. Counsel, the parties and the mediator shall agree upon a mediation date within 20 days from the date of this order. If no date can be agreed upon within the 20 day period, the mediator shall select a date for the mediation and all parties shall appear as directed by the mediator.

The date scheduled by the mediator is incorporated in this Order as the date upon which the mediation shall occur. In any event, the mediation shall be conducted no later than **09/19/2020** .

Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law, which may include dismissal or default judgment. Failure to mediate will not be considered cause for continuance of the trial date. Referral to mediation is neither a substitute for nor a cause for delay of trial, and the case will be tried if not settled.

A report regarding the outcome of the mediation session is to be mailed by the mediator to the court, with a copy to the ADR Coordinator, immediately after the mediation session.

Signed:     October 08, 2019

_____
JUDGE PRESIDING

cc:  Counsel of Record
     Mediator

# EXHIBIT 11

Exhibit 11

**CAUSE NO. CC-19-00294-E**

| | | |
|---|---|---|
| MARIA S. WINFIELD | § | IN THE COUNTY COURT |
| | § | |
| vs. | § | AT LAW NO. 5 |
| | § | |
| QUICKTRIP CORPORATION | § | DALLAS COUNTY, TEXAS |

<u>**PLAINTIFF'S MOTION FOR ENTRY OF**</u>
<u>**LEVEL III DOCKET CONTROL AND SCHEDULING ORDER**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MARIA S. WINFIELD and files this Motion for Entry of Level III Docket

Control & Scheduling Order and respectfully shows as follows:

**I.**
**CERTIFICATE OF CONFERENCE**

This is to certify that the attached proposed Level III Docket Control & Scheduling Order

was provided to Defense counsel, and multiple requests have been made to either sign and return

the proposed Scheduling Order or to state any objections. Defense counsel has, to date, failed or

refused to respond.

**II.**
**BACKGROUND**

Plaintiff filed this negligent activity lawsuit on January 14, 2019 in State court to recover

compensation for injuries she sustained in a fall on a sidewalk entrance being hosed down at

Defendant's Quicktrip store.

Written discovery requests were served on the Defendant and the Defendant refused to

identify the employee hosing down the sidewalk entrance causing Plaintiff's fall, then removed

the case to Federal court - claiming complete diversity between the parties.

Once Plaintiff counsel discovered the identity of the employee hosing down the sidewalk

**MOTION FOR DOCKET CONTROL & SCHEDULING ORDER - 1**

causing Plaintiff's fall, the employee was added as a party, diversity was destroyed and the Federal Court, on October 4, 2019, remanded this case back to State court.

**III.**
**WRITTEN DISCOVERY ANSWERED, DEPOSITIONS TAKEN, SCHEDULED**

Before remand, the parties exchanged and responded to each party's written discovery requests, and Plaintiff served on Defendant all medical and billing records concerning her injuries sustained in the fall with TCPRC sec. 18.001 Affidavits.

Since the remand, Plaintiff deposed Defendant's employee who hosed down the entrance causing Plaintiff's fall, and Plaintiff counsel has agreed to produce the Plaintiff for deposition on November 7, 2019, a date selected by Defense counsel.

No motions are pending, and no other discovery requests are outstanding at this time. In short, this case was filed more than 9 months ago, and there is no reason why the case cannot be ready for trial my March 2020.

**IV.**
**CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the court grant this Motion and enter a Level III Docket Control & Scheduling, the same or similar to the one attached as Exhibit "**A**" and incorporated herein, and grant Plaintiff such other relief as Plaintiff shows herself entitled.

**MOTION FOR DOCKET CONTROL & SCHEDULING ORDER - 2**

Respectfully submitted,

**AVANT LAW FIRM**

*Anjel Avant*
Anjel K. Avant
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
972-705-9600 phone
972-705-9601 fax
anjel@avantlawfirm.com
**ATTORNEY FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a true and correct copy of the forgoing was served on all counsel of record on this 31st day of October, 2019 via e-mail pursuant to the Texas Rules of Civil Procedure.

*Anjel Avant*
Anjel K. Avant

**MOTION FOR DOCKET CONTROL & SCHEDULING ORDER - 3**

# EXHIBIT "A"

CAUSE NO. CC-19-00294-E

| | | |
|---|---|---|
| **MARIA S. WINFIELD** | § | **IN THE COUNTY COURT** |
| | § | |
| **vs.** | § | **AT LAW NO. 5** |
| | § | |
| **QUICKTRIP CORPORATION** | § | **DALLAS COUNTY, TEXAS** |

## LEVEL III DOCKETING CONTROL PLAN & SCHEDULING ORDER

1.    10/08/2019    **JOINDER**
All parties to this lawsuit shall be joined by this date.

2.    01/30/2020    **PLAINTIFFS' PLEADINGS**
All amendments and supplements to Plaintiff's pleadings shall be filed by this date.

3.    02/06/2020    **DEFENDANT'S PLEADINGS**
All amendments and supplements to Defendant's pleadings shall be filed by this date.

4.    12/31/2019    **MEDIATION**
Mediation shall be conducted by this date by Mike McCullough, Mark Gilbert, or Adam LeCrone. Both the Plaintiff and the Defendant's insurance adjuster (if self-insured, a corporate representative) with full authority to settle the case must appear in person unless agreed to by the parties or ordered by the Court.

5.    01/15/2020    **PLAINTIFFS' EXPERT WITNESS DESIGNATIONS**
Plaintiffs shall designate all experts pursuant to the Texas Rules of Civil Procedure, specifically 194.2 and 195, by this date. Plaintiffs shall also be required to produce on this date, a report from each *retained* testifying expert. Failure to comply with this paragraph shall result in the expert not being permitted to testify at trial absent a showing of good cause. A continuance or trial re-set does not extend expert designation deadlines, without agreement of the parties or Court Order.

6.    02/14/2020    **DEFENDANT'S EXPERT WITNESS DESIGNATIONS**
Defendant shall designate all experts pursuant to the Texas Rules of Civil Procedure, specifically 194.2 and 195, by this date. Defendants shall also be required to produce on this date, a report from each *retained* testifying expert. Failure to comply with this paragraph shall result in the expert not being permitted to testify at

trial absent a showing of good cause. A continuance or trial re-set does not extend expert designation deadlines, without agreement of the parties or Court Order.

7.   01/15/2020        **DISPOSITIVE MOTIONS/EXPERT CHALLENGES**
Dispositive motions and any motions challenging the qualifications or reliability of opinions of any expert designated by an opposing party, including any challenges under Robinson/Daubert must be filed by this date.

8.   12/31/2019

**DISCOVERY DEADLINE** Unless agreed to by the parties, no continuances to be granted except upon good cause shown following a hearing on a Motion for Continuance. The cutoff date for all discovery shall be on this date.  All written discovery must be due before the cutoff date and no oral depositions or depositions on written questions will be taken beyond the cutoff date, absent an agreement of all parties or an order of the Court.

9.   03/09/2020        **WITNESS & EXHIBIT LISTS, VIDEO DEPOSITION DESIGNATIONS, MOTIONS IN LIMINE,  AND JURY CHARGE**
The parties shall file and exchange by this date a witness list, exhibit list, designations of videotaped depositions intended to be offered as direct examination for any witnesses not called live, any motions in limine, and a proposed jury charge.

10.  03/16/2020        **OBJECTIONS TO WITNESS LISTS, EXHIBIT LISTS, AND REBUTTAL DEPOSITION DESIGNATIONS**
All objections to the above and any rebuttal deposition designations must be filed and exchanged by this date.

11.  __/___/2020       **PRE-TRIAL CONFERENCE**
A pre-trial conference to rule on objections to exhibit lists, witness lists, deposition designations, and motions in limine shall take place Beginning at _____ **a.m./p.m.**

12.  03/30/2020        **TRIAL**
Unless agreed to by the parties, no continuances to be granted except upon good cause shown following a hearing on a Motion for Continuance.
Beginning at **9:00 a.m**.

**MOTION FOR DOCKET CONTROL & SCHEDULING ORDER - 6**

**SIGNED this \_\_\_\_\_ day of _____, 20\_\_\_\_\_.**

_____
**JUDGE PRESIDING**

# EXHIBIT 12

Exhibit 12

FILED
10/31/2019 3:21 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:19-cv-02652-B   Document 1-2   Filed 11/06/19   Page 103 of 109   PageID 120

CC-19-00294-E

| | | |
|---|---|---|
| MARIA S. WINFIELD, | § | IN THE COUNTY COURT |
| Plaintiff | § | |
| | § | |
| v. | § | AT LAW NO. 5 |
| | § | |
| QUIKTRIP CORPORATION, | § | |
| JORDAN CHAPMAN | § | |
| Defendant. | § | DALLAS COUNTY, TEXAS |

## DEFENDANT JORDAN CHAPMAN'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Defendant Jordan Chapman and files this, his Original Answer to Plaintiff's First Amended Petition and, in support thereof, would respectfully show as follows:

### I.
### GENERAL DENIAL

Defendant denies each and every material allegation contained in Plaintiff's Amended Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

### II.
### DEFENSES AND LIMITATIONS ON DAMAGES AND LIABILITY

Defendant specifically denies Plaintiff's claims that he was negligent.

### III.

Defendant claims that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to Plaintiff's damages, if any. Such acts or omissions of Plaintiff were the sole proximate cause of Plaintiff's damages, if any.

**IV.**

Defendant states that, in the unlikely event an adverse judgment would be rendered against him in this matter, Defendant would respectfully pray for contribution, indemnity and/or all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law.

**V.**

Defendant states that Plaintiff's damages complained of, if any, may have been the result of prior or pre-existing injuries, accidents, or conditions, and said prior or pre-existing injuries, accidents, or conditions were the sole and/or a contributing cause of the Plaintiff's damages alleged against Defendant.

**VI.**

Defendant would show that the accident complained of was an unavoidable accident, as that term is known in law.

**VII.**

Defendant asserts that he had neither actual nor constructive knowledge of the allegedly-hazardous condition about which Plaintiff complains, and that in any event, the alleged hazard was not "unreasonably dangerous."

**VIII.**

Pleading further and in the alternative, Defendant claims that the premises condition asserted by Plaintiff in her *Amended Petition* was known to Plaintiff, was open and obvious, and/or was not concealed from Plaintiff and, therefore, Defendant denies that he owed any duty to warn Plaintiff of the alleged premises condition or protect her from same.

**IX.**

Defendant contends that any claims for medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Texas Civil Practice and Remedies Code § 41.0105.

**X.**

Defendant claims that Plaintiff may be malingering and exaggerating the nature and severity of her alleged injuries in order to continue treatment, and accordingly, Defendant contends that Plaintiff's treatment may not be medically necessary or reasonable.

**XI.**

Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

**XII.**

Defendant further contends that Plaintiff may have breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of her alleged damages.

**XIII.**

**REQUEST FOR COURT REPORTER**

Defendant respectfully demands a court reporter be present at all proceedings before this Honorable Court.

---

**XIV.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that Plaintiff take

nothing by this cause of action, that Defendant be permitted to recover the costs expended on

his behalf, and for such other and further relief to which Defendant may show himself justly

entitled, in law or in equity.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Nicolas M. Lund**
State Bar No. 24084391
nlund@peavlerbriscoe.com
**PEAVLER | BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been
forwarded to all counsel of record pursuant to, and in accordance with, the Texas Rules of Civil
Procedure on October 31, 2019.

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**

# EXHIBIT 13

Exhibit 13

11/01/2019   08:47      9729071587                    AVANT LAW FIRM                          PAGE  01



1595 North Central Expressway
Richardson, Texas 75080
www.avantlawfirm.com

972-705-9600 Phone
972-705-9601 Fax

## FAX COVER SHEET

| | | | |
|---|---|---|---|
| TO: | Nicolas M. Lund | FROM: | Anjel K. Avant |
| FAX NO.: | (214) 999-0551 | PAGES: | 2 (including cover page) |
| DATE: | 11/1/2019 | | |
| RE: | *Winfield vs. QuikTrip Corporation* | | |

☐ Urgent      ☐ For Review      ☐ Please Comment      ☐ Please Reply      ☐ Please Recycle

Comment(s):   *Attached, please find Plaintiff's Notice of Hearing*

The information contained within and accompanying this facsimile is:

    a)  PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE;

    b)  DECLARED TO BE ATTORNEY WORK PRODUCT; and

    c)  CONFIDENTIAL.

This facsimile and all information accompanying this facsimile are intended solely for the individual or entity listed above. You are hereby notified that any dissemination, distribution, copying or use of this facsimile and/or any information accompanying this facsimile by anyone other than the individual or entity listed above is prohibited. If you have received this facsimile or any accompanying information in error, please call the Avant Law Firm at (972) 705-9600 immediately. If you receive this facsimile or any accompanying information in error, you should destroy it upon receipt.



1595 North Central Expressway
Richardson, Texas 75080
www.avantlawfirm.com

Anjel K. Avant                                                          972-705-9600 Phone
*Board Certified - Personal Injury Trial Law*                          972-705-9601 Fax
                                                                       anjel@avantlawfirm.com

November 1, 2019

*Via Facsimile: 214-999-0551*
*Via Email: nlund@peavlerbriscoe.com*
**Nicolas M. Lund**
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051

                    RE:    Cause No. **CC-19-00294-E;**
                           *Maria S. Winfield vs. Quicktrip Corporation*

Counsel:

        This is to serve as notice that the *Plaintiff's Motion for Entry of Level III Docket Control
and Scheduling Order* has been scheduled for hearing to take place at **10:00 a.m., Friday,
November 15, 2019** before Judge Mark Greenberg.

        If you have any questions, please do not hesitate to call.

                                        Sincerely,

                                        *Anjel K. Avant*

                                        Anjel K. Avant

Cc
*Via E-File:*
County Court at Law No. 5
(old) George L. Allen, Sr. Courts Bldg.
600 Commerce St., 5th floor
Dallas, Texas 75202