## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **MARIA WINFIELD,** | § |
| **Plaintiff,** | § |
| | § |
| **v.** | § **CIVIL ACTION NO. 3:19-cv-02652** |
| | § |
| **QUIKTRIP CORPORATION AND** | § |
| **JORDAN CHAPMAN,** | § |
| **Defendants.** | § |

## PLAINTIFF'S MOTION FOR REMAND
## IN RESPONSE TO DEFENDANTS' NOTICE OF REMOVAL

On November 6, 2019, Defendants filed a Notice of Removal in the Office of the Clerk

of the United States District Court for the Northern District of Texas, Dallas Division. Comes

now Plaintiff, Maria Winfield, in the above entitled and numbered cause of action, and files this

Motion to Remand in Response to Defendant's Notice of Removal.

Respectfully submitted,

**AVANT LAW FIRM**

*Anjel Avant*

Anjel K. Avant
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
anjel@avantlawfirm.com
972-705-9600 phone
972-705-9601 fax
anjel@avantlawfirm.com
**ATTORNEY FOR PLAINTIFF**

# TABLE OF CONTENTS

BACKGROUND ............................................................................................................................1

ARGUMENT AND AUTHORITY ...............................................................................................4

    A.    THE IMPROPER/FRAUDULENT JOINDER ARGUMENT CANNOT BE
           CONSIDERED ........................................................................................................4

    B.    DEFENDANTS' REMOVAL IS IMPROPER BECAUSE IT IS BASED ON THE
           SAME GROUNDS RAISED AND CONSIDERED BY THE COURT IN
           GRANTING REMAND ...........................................................................................6

    C.    PURUSANT TO TITLE 28 U.S.C. § 1447(d) THE COURT CANNOT
           RECONSIDER THE REMAND ORDER...............................................................7

REQUEST FOR ATTORNEY'S FEES ........................................................................................8

PRAYER .......................................................................................................................................9

INDEX OF ATTACHMENTS ...................................................................................................11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **MARIA WINFIELD,** § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | **CIVIL ACTION NO. 3:19-cv-02652** |
| § | |
| **QUIKTRIP CORPORATION AND** § | |
| **JORDAN CHAPMAN,** § | |
| **Defendants.** § | |

## PLAINTIFF'S MOTION FOR REMAND
## IN RESPONSE TO DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW MARIA S. WINFIELD, Plaintiff, in the above-styled and numbered action and moves this Court to remand this case to the County Court at Law No. 5 of Dallas County, Texas from which it was improperly removed. In support of this motion Plaintiff would show the Court as follows:

## BACKGROUND

1.0     On or about January 14, 2019, Plaintiff filed this negligent activity lawsuit in State Court to recover compensation for severe bodily injuries sustained on October 8, 2017, when she slipped and fell in water while exiting Defendant QuikTrip's convenience store. The water was coming from a hose being utilized by Jordan Chapman, an employee of Defendant, to rinse off the only public entrance/exit to the Quiktrip store. No signs, cones, or other warnings were in place, and no alternative means to exit the store were made available. When the lawsuit was filed, Plaintiff had not been informed of Jordan Chapman's identity. Accordingly, Quiktrip was the only defendant named in Plaintiff's Original Petition.

2.0     Plaintiff counsel requested the identity of the Quiktrip employee who was hosing down the walkway by way of a *Request for Disclosure*, which was included in the Petition, and served on Defendant Quiktrip on January 17, 2019. Defendant Quiktrip responded on March 8, 2019 to the *Request for Disclosure*, while still in State Court, by listing several employees but failing to identify which individual of those listed was the employee relevant to Plaintiff's inquiry.

3.0     Plaintiff counsel requested the identity of the Quiktrip employee who was hosing down the walkway by way of a *Request for Disclosure*, which was included in the Petition, and served on Defendant Quiktrip on January 17, 2019. Defendant Quiktrip responded on March 8, 2019 to the *Request for Disclosure*, while still in State Court, by listing several employees but failing to identify which individual of those listed was the employee relevant to Plaintiff's inquiry.

4.0     Plaintiff requested the identity of the relevant Quiktrip employee a second time by way of a *First Set of Interrogatories*, which was served on Defendant Quiktrip while still in State court on February 13, 2019. One day before the deadline to respond to *Plaintiff's First Set of Interrogatories*, on March 12, 2019, Defendant Quiktrip filed a Notice of Removal based on a claim of complete diversity between the parties. Plaintiff Winfield is a citizen and resident of Texas and Defendant Quiktrip is a corporation with its principle place of business in Oklahoma.

5.0     On July 17, 2019, following multiple requests for the deposition of the employee who hosed down the walkway where Plaintiff fell, Defendant Quiktrip finally identified the employee at issue by way of a First Supplement to Defendant's Rule 26(a)(1) Initial Disclosures. The employee at issue was identified by Defendant as:

        Mr. Jordan Chapman
        2634 Wrangler
        Sachse, Texas 75048

6.0     On August 19, 2019 Plaintiff filed a Motion for Leave of Court to File Plaintiff's First Amended Complaint and thereby add Jordan Chapman as an additional defendant party to the suit. *See Motion for Leave attached as Exhibit "A" and incorporated herein.* Plaintiff attached her proposed amended complaint as an exhibit to the motion. *See Id.* Defense counsel instructed Plaintiff counsel to mark Defendant as "opposed" for the certificate of conference. Defendant did not file any response thereafter with the Court.

7.0     On October 4, 2019 the Honorable U.S. District Judge Ada E. Brown carefully scrutinized Plaintiff's Motion for Leave and determined that the amendment to add Jordan Chapman, a non-diverse defendant, should be allowed pursuant to the relevant factors under *Hensgens v. Deer & Co.*, 833 F.2d 1179 (5th Cir. 1987). *See Order attached as Exhibit "B" and incorporated herein.*

8.0     Once the Court filed Plaintiff's First Amended Complaint, the Court immediately remanded the case to the State Court as the joinder of Defendant Chapman destroyed diversity jurisdiction. *See Plaintiff's First Amended Complaint attached as Exhibit "C" and Order attached as Exhibit "B", incorporated herein.*

9.0     On October 4, 2019 Plaintiff filed her Notice of Remand in State Court and attached a copy of the Order signed by the Honorable U.S. District Judge Ada E. Brown. *See Notice attached as Exhibit "D" and incorporated herein.* Plaintiff also filed her First Amended Petition in State Court. *See Plaintiff's First Amended Petition, attached as Exhibit "E" and incorporated herein.*

10.0    Plaintiff counsel served copies of both the notice and amended petition to Defense counsel for Quiktrip. Upon receipt on October 4, 2019, Defense counsel emailed Plaintiff counsel and advised they would be representing Jordan Chapman. *See Email attached as Exhibit "F" and incorporated herein.*

11.0    On November 6, 2019, 32 days after the Order, Notice of Remand, and First Amended Petition were all served on Defense counsel, Defendants filed this Notice of Removal. *See Defendants' Notice of Removal.*

12.0    Defendants allege that this Court has jurisdiction under 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000.00 and is between citizens of different states. *See id. at pgs 1 and 2.* Although Defendant Chapman is not diverse from the Plaintiff, Defendant Quiktrip alleges that Chapman is improperly (or fraudulently) joined. *See id.* Given the case's procedural posture, however, the improper/fraudulent joinder doctrine does not apply.

## ARGUMENT AND AUTHORITY

### A. THE IMPROPER/FRAUDULENT JOINDER ARGUMENT CANNOT BE CONSIDERED

13.0    The fraudulent joinder doctrine allows an action to "be *removed* despite the existence of forum-state or non-diverse defendants if those parties were 'fraudulently' named as defendants with the sole purpose of defeating federal jurisdiction." *Moore v. Johnson & Johnson*, 907 F.Supp.2d 646, 662 (E.D. Pa. 2012) (emphasis added); *see also In re Briscoe*, 448 F.3d 201, 215-6 (3d Cir. 2006) ("The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity.").

14.0    However, after a case has been removed, federal courts may not rely upon the fraudulent joinder doctrine to justify jurisdiction. See *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) ("The fraudulent joinder doctrine does not apply to joinders that occur after an action is removed.") (emphasis in original); *see also Gum v. General Electric Co.*, 5 F. Supp. 2d 412, 415 n.8 (S.D. W. Va. 1998) (noting that fraudulent joinder doctrine applies to defendants named before removal); *Harrell v. Pineland Plantation, Ltd.*, 914 F. Supp. 119, 120 n.4 (D.S.C. 1996) (same).

15.0   In *Cobb*, the Fifth Circuit reasoned that the fraudulent joinder doctrine "does not apply to defendants who are joined after an action is removed, for in such cases, the defendants have a chance to argue against joinder before the court grants leave to amend." *Cobb*, 186 F.3d. at 678.

16.0   In the underlying case, there was complete diversity of citizenship at the time of Defendant Quiktrip's first Notice of Removal on March 12, 2019 between Defendant Quiktrip and Plaintiff Winfield. When Plaintiff learned of Defendant Chapman's identity post-removal, she sought permission from the Federal Court to amend her complaint and add Chapman as a defendant.

17.0   Accordingly, Defendants argument of fraudulent joinder is misplaced, as the doctrine does not apply to the addition of Chapman who was added *subsequent* to removal.

18.0   When a party seeks to add a non-diverse defendant post-removal, 28 U.S.C. § 1447(e) confers substantial discretion on the courts in deciding whether to permit joinder. *See Powers v. Southland Corp.*, 4 F.3d 223, 226 (3d Cir. 1993) (Section 1447(e) "gives the court discretion to join a party even though joinder would destroy subject matter jurisdiction."); *see also Morze v. Southland Corp.*, 816 F.Supp. 369, 370 (E.D. Pa. 1993) (Section 1447(e) "compels courts to exercise discretion when deciding whether to remand a case to state court by balancing the equities involved and weighing the interests and prejudices to each party involved."). When considering the post-removal joinder of a nondiverse defendant, district courts have only two options: (i) deny joinder or (ii) permit joinder and remand the action to the state court. 28 U.S.C. 1447(e); *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999) ("[Section 1447(e)] does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case.").

19.0   While a full analysis under 28 U.S.C. § 1447(e) is not necessary because the Court has already granted Plaintiff's motion to amend her complaint to add Chapman as a Defendant, §

1447(e) supports the Court's earlier decision to allow joinder and remand the case to State Court. *See Order attached as* **Exhibit "B."**

20.0    Once Chapman was added as a defendant, with approval of the Court, complete diversity of citizenship – and the Court's subject matter jurisdiction – was lost. The court had no choice but to remand the case to the Dallas County Court.

21.0    While Defendants' could argue that their Notice of Removal and assertion of the fraudulent joinder doctrine was filed *after* Plaintiff filed her First Amended Petition and added Defendant Chapman as a defendant in State Court, the subsequent notice of removal is still improper.

## B. DEFENDANTS' REMOVAL IS IMPROPER BECAUSE IT IS BASED ON THE SAME GROUNDS RAISED AND CONSIDERED BY THE COURT IN GRANTING REMAND

22.0    While "[t]he Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand," a subsequent removal cannot be based upon the same ground — that is, the same "pleading or event that made the case removable." *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996). Only "[i]f the defendant raises a new factual basis, [that] is not deemed adjudicated with the [prior] remand order" is a second removal proper. *Id*. at 493. *See also, Weaver v. Zurich Ins. Co.,* No. 4:11-1095, 2011 U.S. Dist. LEXIS 101177, 2011 WL 4007883 (S.D. Tex. Sept. 7, 2011), (involving second removal); *Leon v. Gordon Trucking, Inc.,* 76 F. Supp. 3d 1055 (C.D. Cal. 2014) (same*) Ebeling v. Scottsdale Ins. Co., No*. 08-4619, 2008 WL 4974804 (E.D. La. Nov. 19, 2008) (same); *Gray v. Stanford Research Institute*, 108 F. Supp. 639 (N.D. Tex. 1952) (same).

23.0    "Stated differently, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action." *Leon*, 76 F. Supp. 3d at 1062 (internal quotation marks and citation omitted).

24.0   At the time the Court properly issued its Order and remanded the case to State Court, the Federal Court lost jurisdiction over the matter. Defendants' Notice of Removal does not reinvest the Court with jurisdiction over the new case because Defendants do not allege a new or different ground for removal.

25.0   The text of Defendants' Notice is nearly identical to *Defendant's First Notice of Removal* filed on March 12, 2019 notwithstanding the discussion of the joinder of Jordan Chapman whose identity was not known to Plaintiff at the time of removal. Nevertheless, the joinder of Jordan Chapman was thoroughly discussed in Plaintiff's Motion for Leave to Amend her Complaint as well as the Order of Remand. *See attached Exhibits "A" and "B."* In the 46 days between Plaintiff's filing for Leave to Amend Her Complaint and the Order being entered, Defendant never filed a response.

26.0   Defendants cannot attempt to circumvent an issue that has already been adjudicated in this Court by filing a second notice of removal. If Defendants wanted to claim that Jordan Chapman was fraudulently joined, they should have filed a response to Plaintiff's Motion for Leave to Amend Her Complaint to add Jordan Chapman as a Defendant. Instead, the Defendants waited 79 days to assert an argument that the Court has already analyzed and decided.

## C. PURUSANT TO TITLE 28 U.S.C. § 1447(d) THE COURT CANNOT RECONSIDER THE REMAND ORDER

27.0   Finally, under Title 28 U.S.C. § 1447(d) an order remanding a case to the State court from which it was removed is not reviewable on appeal **or otherwise**, unless it was removed pursuant to § 1442 (federal officer removal) or § 1443 (civil rights cases). It is well established that § 1447(d) "has been universally construed to preclude not only appellate review but also reconsideration by the district court" of its own remand order. *Bender v. Mazda Motor Corp.*, 657

F.3d 1200, 1203 (11th Cir. 2011) (quoting *Seedman v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir.1988)); see also *New Orleans Public Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir.1986) (holding that a district court is divested of jurisdiction to vacate or reconsider a remand order pursuant to § 1447(d)).

28.0    This Court has already determined that Plaintiff established a viable cause of action against Jordan Chapman. By choosing to allow Plaintiff to amend her Complaint to add Jordan Chapman as a defendant, this Court concluded that Chapman was not being fraudulently or improperly joined. Any argument asserted by Defendants is an attack on the Court's Order, which is exactly what § 1447(d) expressly prohibits.

29.0    Since this Court has determined it is without jurisdiction, Defendants' Notice of Removal is improper and unnecessarily delays the adjudication of the merits of this case. The action must be remanded to the County Court at Law No. 5 of Dallas, County Texas.

## REQUEST FOR ATTORNEY'S FEES

30.0    Plaintiff seeks reasonable attorney's fees pursuant to Fed. R. Civ. P. 11(b) and 28 U.S.C. § 1447(c). See, e.g., *LaMotte v. Roundy's, Inc.*, 27 F.3rd 314, 315 (7th Cir. 1994) (costs of $5,302.00 awarded). An award under §1447(c) is a matter of the district court's discretion. *Maguire Oil Co. v. City of Houston,* 143 F.3d 205, 209 (5th Cir. 1998). It is not necessary for the Court to find bad faith or improper purpose before it can award attorney fees upon remand for erroneous removal. *Daleske v. Fairfield Comms., Inc.*, 17 F.3d 321, 324 (10th Cir. 1994*); Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993). Sanctions are required if the removal is filed for an improper purpose, such as to harass or delay the trial. Fed. R. Civ. P. 11b(1); *Unanue-Casal v. Unanue Casal*, 898 F.2d 839, 841-42 (1st Cir. 1990); *In re Sargent*, 136 F.3d 349, 352 (4th Cir.

1998) (court may impose sanctions where legal contention is frivolous).

31.0     In the instant case, Defendants have sought removal where it is clearly improper. The second notice of removal was filed seemingly for the sole purpose of delaying litigation. Defendants sought the same relief, in the same court, for the same reasons – having already been advised by the Court that those reasons lacked merit – in violation of established statutory and case authority.

32.0     The court may award reasonable and appropriate expenses, including attorney's fees, to the extent that the expenses were caused by a violation of Fed. R. Civ. P. 11; *Willy v. Coastal Corp.*, 503 U.S. 131, 138 112, S. Ct. 1076 (1992).

33.0     In the instant case, Plaintiff seeks attorney's fees in an amount of $3,500.00 as supported by the affidavit of Anjel K. Avant. *See Affidavit Concerning Cost & Necessity of Services, attached as **Exhibit "G"** and incorporated herein.*

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that her Motion for Remand be granted and that her Request for Attorney's Fees be granted, that Defendant be ordered to pay Plaintiff's counsel in the amount of $3,500.00, and for any and all other relief in law and equity to which she is justly entitled.

Respectfully submitted,

**AVANT LAW FIRM**

*Anjel Avant*

Anjel K. Avant
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
anjel@avantlawfirm.com
972-705-9600 phone
972-705-9601 fax
anjel@avantlawfirm.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

This is to certify that Plaintiff counsel has had several conferences with Defense counsel

regarding this issue. Defense counsel will not agree to remand.

*Anjel Avant*

Anjel K. Avant

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the forgoing was served on all counsel of

record on this 11th day of November via e-mail pursuant to the Federal Rules of Civil Procedure.

*Anjel Avant*

Anjel K. Avant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **MARIA WINFIELD,** | § |
| **Plaintiff,** | § |
| | § |
| **v.** | §   **CIVIL ACTION NO. 3:19-cv-02652** |
| | § |
| **QUIKTRIP CORPORATION AND** | § |
| **JORDAN CHAPMAN,** | § |
| **Defendants.** | § |

## INDEX OF ATTACHMENTS TO PLAINTIFF'S MOTION TO REMAND IN RESPONSE TO DEFENDANTS' NOTICE OF REMOVAL

Plaintiff's Motion for Leave to Amend Complaint ............................................................... Exhibit **A**

Order of Remand ................................................................................................................. Exhibit **B**

Plaintiff's First Amended Complaint .................................................................................... Exhibit **C**

Notice of Remand ............................................................................................................... Exhibit **D**

Plaintiff's First Amended Petition ....................................................................................... Exhibit **E**

Email of Representation ...................................................................................................... Exhibit **F**

Affidavit Concerning Cost & Necessity of Services ........................................................... Exhibit **G**

## Exhibit "A"

Plaintiff's Motion for Leave to Amend Complaint

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MARIA S. WINFIELD** | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. 3:19-cv-00612 M** |
| | § | |
| **QUIKTRIP CORPORATION** | § | |

### PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE
### PLAINTIFF'S FIRST AMENDED COMPLAINT
### AND MEMORANDUM IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

1.0     Pursuant to Rules 15 and 20 of the Federal Rules of Civil Procedure, Plaintiff respectfully
requests leave of the Court to file her *First Amended Complaint*.

### BACKGROUND

2.0     On or about January 14, 2019, Plaintiff filed this negligent activity lawsuit in State court to
recover compensation for severe bodily injuries sustained on October 8, 2017, when she slipped and
fell in water while exiting Defendant's Quicktrip convenience store. The water was coming from a
hose being utilized by an employee of the Defendant to rinse off the only public entrance/exit to the
Quiktrip store. No signs, cones, or other warnings were in place, and no alternative means to exit the
store were made available.

3.0     When the lawsuit was filed, Plaintiff had not been informed of the identity of the Quiktrip
employee who was hosing down the walkway. Plaintiff counsel requested the information by way of
a *Request for Disclosure*, which was included in the Petition, and served on the Defendant January
17, 2019. Defendant responded on March 8, 2019 to the *Request for Disclosure*, while still in State

Court, by listing several employees but failing to identify which individual of those listed was the employee relevant to Plaintiff's inquiry.

4.0     Plaintiff requested the identity of the relevant Quiktrip employee a second time by way of a *First Set of Interrogatories*, which was served on Defendant while still in State court on February 13, 2019. One day before Defendant's deadline to respond to *Plaintiff's First Set of Interrogatories*, on March 12, 2019, Defendant filed a Notice of Removal based on a claim of complete diversity between the parties.

5.0     Following multiple requests for the deposition of the employee who hosed down the walkway where Plaintiff fell, Defendant finally identified the employee at issue by way of a *First Supplement to Defendant's Rule 26(a)(1) Initial Disclosures* on July 17, 2019. The employee at issue was identified by Defendant as:

> Mr. Jordan Chapman
> 2634 Wrangler
> Sachse, Texas 75048

6.0     Plaintiff files this Motion seeking to add Mr. Jordan Chapman (hereinafter referred to as "Mr. Chapman") as an additional defendant party to this suit. Plaintiff has learned that Mr. Chapman was an employee of the Defendant when he hosed down the walkway where Plaintiff fell. Mr. Chapman's identity had never been made known to Plaintiff or Plaintiff counsel before July 17, 2019, despite multiple requests. With the addition of Mr. Chapman, Plaintiff will be able to seek full satisfaction from all relevant parties and ascertain the full extent of damages caused by Defendants.

### ARUMENT AND AUTHORITY

7.0     Under Fed. R. Civ. P. 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court.

PLAINTIFF'S MOTION FOR LEAVE TO AMEND PETITION AND
MEMORANDUM IN SUPPORT - 2

The decision on a motion to amend is within the sound discretion of the district court. Nonetheless, "the leave sought should, as the rules require, be 'freely given'." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the moving party should be allowed to test his claim on the merits. *Id.*

8.0   Because Plaintiff's first amended complaint seeks to add a defendant whose joinder would destroy the Court's diversity jurisdiction, the Court must "scrutinize the amendment more closely than an ordinary amendment and use its discretion in deciding whether to allow those parties to be added." *Hensgens v. Deere & Co.*,833 F.2d 1179, 1182 (5th Cir. 1987). "[I]n deciding whether to grant leave to amend, courts must balance the defendant's interest in retaining the federal forum with plaintiff's competing interest in avoiding parallel federal/state lawsuits." *Williams v. Carmean,* No. CIV. A. 99-1095, 1999 U.S. Dist. LEXIS 14110, 1999 WL 717645, at *1 (E.D. La. Sept. 13, 1999). The Fifth Circuit has also instructed courts to consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Hensgens*, 833 F.2 at 1182.

9.0   If the Court permits joinder, it must remand the case to state court. 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.")

PLAINTIFF'S MOTION FOR LEAVE TO AMEND PETITION AND
MEMORANDUM IN SUPPORT - 3

10.0    The balance of the foregoing factors weighs in favor of permitting joinder and remanding the

case to State court for numerous reasons. First, Plaintiff's proposed amended complaint states a

claim for negligent activity caused specifically by Mr. Chapman. In hosing down the store's only

public entrance/exit, Mr. Chapman had the duty to act as a person of ordinary prudence would have

acted in the same or similar circumstances. Mr. Chapman's breach of that duty amounted to the

negligent activity that was the proximate cause of Plaintiff's injury.

11.0    Courts have held that when a plaintiff states a viable claim against a non-diverse defendant it

is "unlikely that the primary purpose of the amendment is to destroy diversity jurisdiction." *McNeel*

*v. Kemper Cas. Ins. Co., No.* 3:04-CV-0734-G, 2004 U.S. Dist. LEXIS 13887, 2004 WL 1635757, at

*2 (N.D. Tex. July 21, 2004); (citing cases.)

12.0    There is also no issue of bad faith on behalf of the Plaintiff. The Plaintiff has been attempting

to ascertain the identity of Mr. Chapman throughout this litigation.  A post-removal amendment is

"not indicative of a plaintiff's intent to defeat diversity where it is clear that [she] sought to include

that defendant in the litigation from the beginning." *Criswell v. Wal-Mart Stores, Inc.*, No. 1:09-CV-

502, 2009 WL 5061826, 2009 U.S. Dist. LEXIS 116643, at *2 (E.D. Tex. Dec. 15, 2009).

13.0    Additionally, Defendant cannot claim that Plaintiff was dilatory in seeking to amend her

complaint. The proposed complaint seeks to add a party identified by Defendant only weeks ago in a

supplemental response to Initial Disclosures.

14.0    The Defendant will not be prejudiced by this amendment because it would be filed before

any depositions have been undertaken, before the parties have responded to discovery exchanged in

this federal proceeding, before the deadline for discovery, and before the deadline for joinder. The

only substantive ruling entered in this federal proceeding at this early stage is an Order that the

PLAINTIFF'S MOTION FOR LEAVE TO AMEND PETITION AND
MEMORANDUM IN SUPPORT - 4

Plaintiff may utilize Affidavits prepared and served in compliance with Tex. Civ. Prac. & Rem. Code sec. 18.001. Defendant would not be prejudiced here by the proposed amendment since a post-removal would require adherence to the same State statute now required in this federal proceeding.

15.0    Finally, the proposed amendment is necessary for complete and just adjudication of Plaintiff's claims. The claims against Mr. Chapman and the Quiktrip store arise from the "same pattern of conduct, transaction, and occurrence" within the meaning of Fed. R. Civ. P. 20. Thus, Plaintiff's claims against Defendants QuikTrip and Mr. Chapman have numerous common questions of law and fact, making joinder of Mr. Chapman appropriate under Fed. R. Civ. P. 20(a) and 15(c).

16.0    Likewise, Plaintiff would be prejudiced if the amendment were not allowed because she would be required to file her negligent activity claim against Mr. Chapman, individually, in State court, incurring the burden and expense of litigating claims arising from the same incident in two different forums. *Criswell*, 2009 WL 5061826, at \*5 (finding potential for parallel proceedings weighs in favor of granting leave to join non-diverse defendant); *McNeel*, 2004 WL 1635757, at \*4 (same).

17.0    Other factors bearing on the equity of allowing the joinder also weigh in favor of allowing the amendment. Joinder in this case promotes judicial efficiency and eliminates the possibility of inconsistent results. *Mia Reed Mia Reed and Co., Ltd. v. United Fire & Cas. Co.*, No. H-10-4440, 2012 WL 2499932, at \*9 (S.D. Tex. June 27, 2012) (granting motion for leave to file amended complaint and add nondiverse defendants where, inter alia, interest in maintaining federal forum was outweighed by inefficiency that would result from parallel state and federal proceedings). Denial would inevitably force Plaintiff to assume the risk of inconsistent verdicts.

PLAINTIFF'S MOTION FOR LEAVE TO AMEND PETITION AND
MEMORANDUM IN SUPPORT - 5

## CONCLUSION

18.0     Plaintiff seeks to amend her complaint and join an additional party in good faith, without

undue delay, and long before any joinder or discovery deadline. Plaintiff's proposed complaint

asserts a viable negligent activity claim against Mr. Chapman, an employee who was directly and

personally involved in the conduct that proximately caused Plaintiff's injuries. Plaintiff will be

significantly injured if the amendment is not allowed, forcing her to incur the burden and

expense of litigating claims arising from the same incident in two different forums as well as

assuming the risk of inconsistent verdicts. Since all of the factors weigh in favor of permitting

joinder, the proposed amendment must be granted and the case remanded to State court.

19.0     Plaintiff has also attached for the court's consideration the proposed *Plaintiff's First

Amended Complaint*.  Please see Exhibit "**A**" attached and incorporated herein.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this court grant this Motion

and allow the filing of *Plaintiff First Amended Complaint* and such other relief as she shows

herself entitled.

Respectfully submitted,

AVANT LAW FIRM

Anjel K. Avant
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
anjel@avantlawfirm.com
972-705-9600 phone
972-705-9601 fax
anjel@avantlawfirm.com
**ATTORNEY FOR PLAINTIFF**

PLAINTIFF'S MOTION FOR LEAVE TO AMEND PETITION AND
MEMORANDUM IN SUPPORT - 6

## CERTIFICATE OF CONFERENCE

This is to certify that Plaintiff counsel conferred with Defense counsel regarding this

Motion for Leave and Defense counsel is opposed.

Anjel K. Avant

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the forgoing was served on all counsel of

record on this 19th day of August via e-mail pursuant to the Federal Rules of Civil Procedure.

Anjel K. Avant

PLAINTIFF'S MOTION FOR LEAVE TO AMEND PETITION AND
MEMORANDUM IN SUPPORT - 7

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **MARIA S. WINFIELD** | § |
| | § |
| vs. | §    **CIVIL ACTION NO. 3:19-cv-00612 M** |
| | § |
| **QUIKTRIP CORPORATION and** | § |
| **JORDAN CHAPMAN** | § |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1.  NOW COMES, MARIA S. WINFIELD complaining of QUIKTRIP CORPORATION

(hereinafter "Quicktrip") and JORDAN CHAPMAN ("hereinafter Mr. Chapman") and would

show the Court as follows:

## I.
## PARTIES

2.  Plaintiff is a resident of the State of Texas.

3.  Defendant **QUIKTRIP CORPORATION** is a foreign corporation doing business in the

State of Texas, and has filed an Answer, making an appearance in this lawsuit.

4.  Defendant **JORDAN CHAPMAN** is an individual and resident of the City of Sasche, in

Dallas County, Texas. Service of process may be perfected by serving Defendant at his residence:

### 2634 WRANGLER SACHSE, TEXAS 75048 OR WHEREVER HE MAY BE FOUND.

## II.

## JURISDICTION AND VENUE

4.  Plaintiff has not indicated by her pleadings whether her damages exceed \$75,00.00, but

Defendant Quiktrip removed this case to Federal court on March 12, 2019 based on a claim of

**PLAINTIFF'S FIRST AMENDED COMPLAINT - 1**

complete on diversity between Plaintiff and Quicktrip. Mr. Chapman was not a party at that time.

5.      With the addition of Defendant Chapman, diversity is destroyed. Accordingly, the case must be remanded to the Dallas County Court No. 5, Dallas County, Texas.

6.      Venue is appropriate in Dallas County, Texas because the incident giving rise to this lawsuit occurred in Dallas County, Texas.

## IV.
## FACTUAL BACKGROUND

7.      On October 8, 2017, Maria S. Winfield was an invitee at a Quiktrip in the City of Garland, Dallas County, Texas. The Quiktrip store was at all times material under the exclusive ownership, management, control and possession of Defendant Quiktrip. Likewise, at all times relevant to Plaintiff's cause of action, Defendant Chapman was an employee at the store.

8.      Ms. Winfield had come on the premises with Defendants' implied knowledge and permission, and she entered the store for the parties' mutual benefit.

9.      On that date, while exiting the store, Ms. Winfield suffered severe injury to her right ankle when she slipped and fell in water, which was coming from a hose used by Defendant Chapman to rinse off the only public entrance/exit to the store. No signs, cones, or other warnings were in place, and no alternative means to exit the store was made available.

10.     Ms. Winfield's bodily injuries occurred as a direct result of a fall that was proximately caused by the wet walkway, which the Defendants knew or, in the exercise of ordinary care, should have known existed.

## V.
## CAUSES OF ACTION

### A.      NEGLIGENT ACTIVITY:

**PLAINTIFF'S FIRST AMENDED COMPLAINT - 2**

11.     At all times relevant to Plaintiff's cause of action, Defendant Chapman was a Quiktrip store employee, who used the hose to wash down the pavement of the walkway necessary to enter/exit the store. In hosing down the store's only public entrance/exit, Mr. Chapman had a duty to act as a person of ordinary prudence would have acted in the same or similar circumstances. Mr. Chapman's breach of that duty amounted to negligence, which was the proximate cause of injury to Ms. Winfield, for which she brings suit.

12.     Defendant Chapman was responsible for making sure that the store area was free of hazards to invitees such as Plaintiff.  Mr. Chapman had actual or constructive knowledge of the wet entrance/exit to the store because it was he who hosed it down. The hosing down of the only entrance/exit was a proximate cause of Ms. Winfield's injury, for which she brings suit.

**B.     PREMISES LIABILITY:**

13.     Ms. Winfield was an invitee to the QT store, of which Defendant exercised control. Quickstop and Mr. Chapman had actual or constructive knowledge of the wet entrance/exit to the store because it was Mr. Chapman, Defendant's employee, who hosed it down. The wet entrance/exit was a dangerous condition and the proximate cause of Ms. Winfield's injury, for which she brings suit.

## VII.
## DAMAGES

14.     As a result of the above, Plaintiff has suffered and seeks the following damages:

> Medical Expenses: Plaintiff has incurred serious bodily injuries for which she has sought and received *past* reasonable and necessary medical care and treatment. These past medical expenses were incurred for necessary care and treatment for the injuries complained of herein. The charges were both reasonable and the usual and customary charges for the same or similar services at the time and place rendered. Plaintiff also reasonably expects to incur *future* medical expenses in an amount within the jurisdictional limits of this Court;

**PLAINTIFF'S FIRST AMENDED COMPLAINT - 3**

Physical Pain And Mental Anguish: Plaintiff has endured severe physical pain and mental anguish in the *past* and she reasonably expects that she will continue to endure physical pain and mental anguish into the *future* as a result of the injuries made the basis of this suit;

Physical Impairment: Plaintiff has suffered *past* physical impairment that she reasonably expects to continue to suffer physical impairment in the *future* from the injuries made the basis of this suit in the future;

Lost Earning Capacity: Plaintiff has suffered lost earning capacity in the *past* as a result in the injuries sustained, and reasonable expects that such lost earning capacity will continue into the *future*, for which she brings suit.

15.    By reason of the above and foregoing, Plaintiff has been damaged in a sum within the jurisdictional limits of this Court, for which she hereby sues.

## VIII.

## PRAYER FOR RELIEF

16.    WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant JORDAN CHAPMAN be served with this *First Amended Petition*, and that after final trial or hearing of this cause, Plaintiff recover from Defendants:

1.    Judgment for all economic and non-economic damages, liquidated and un-liquidated, in an amount within the jurisdictional limits of this Court;

2.    Prejudgment and Post-judgment interest at the maximum rate allowed by law;

3.    Costs of suit; and

4.    Such other and further relief, in law or equity, to which Plaintiff may show herself entitled in law or equity.

**PLAINTIFF'S FIRST AMENDED COMPLAINT - 4**

Respectfully submitted,

**AVANT LAW FIRM**

Anjel K. Avant
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
972-705-9600 phone
972-705-9601 fax
anjel@avantlawfirm.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the forgoing was served on all counsel of

record on this 19th day of August via e-mail pursuant to the Federal Rules of Civil Procedure.

Anjel K. Avant

## Exhibit "B"

Order of Remand

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MARIA S. WINFIELD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-00612-E |
| | § | |
| QUIKTRIP CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## **ORDER**

Before the Court is Plaintiff's Motion for Leave of Court to File Plaintiff's First Amended Complaint (Doc. No. 22). Plaintiff seeks to add a nondiverse defendant. Defendant QuikTrip Corporation (QT) did not file a response. After careful consideration, the Court will grant the motion. Because this joinder destroys diversity jurisdiction, the Court will also remand the case to state court.

Plaintiff Maria S. Winfield filed this lawsuit against QT in state court in March 2019. She alleged that on October 8, 2017, she was an invitee at a QT store in Garland, Texas. She further alleged she fell as a result of water coming from a hose a QT employee was using to rinse off the entrance/exit to the store. She pleaded two theories of liability—premises liability and negligent activity. QT removed the case to federal court based on diversity jurisdiction. Winfield is a Texas resident, and QT is an Oklahoma corporation. By her motion, Winfield seeks to amend her complaint to add Jordan Chapman, the QT employee who was using the hose, as a defendant. Chapman is a Texas resident.

If, after removal, a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, we can either deny the motion to amend or grant it and remand to state court. 28 U.S.C. § 1447(e). When considering whether to allow an amended complaint naming a new nondiverse defendant in a removed case, we should scrutinize the amendment more closely than an ordinary amendment. *Hensgens v. Deer & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). There are four factors to consider in determining whether to permit joinder of a nondiverse defendant after removal: 1) the extent to which the purpose of the amendment is to defeat diversity jurisdiction; 2) whether plaintiff has been dilatory in seeking amendment; 3) whether plaintiff will be significantly injured if amendment is not allowed; and 4) any other special equitable factors. *Id.*

Winfield's amended complaint alleges that Chapman was negligent in using the hose to wash down the walkway outside the entrance and exit to the store. As to the first factor, courts have held that when a plaintiff states a viable claim against a nondiverse defendant, it is unlikely that the primary purpose of the amendment is to destroy diversity jurisdiction. *See, e.g., McNeel v. Kemper Cas. Ins. Co.*, No. 3:04-CV-0734, 2004 WL 1635757, at \*2 (N.D. Tex. July 21, 2004); *see also Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984) (corporation's employee is personally liable for tortious acts which he directs or participates in during his employment).

As to the second factor, Winfield was not dilatory in seeking to add Chapman. According to Winfield, she requested the identity of the employee who hosed down the walkway in a Request for Disclosure served on QT in January 2019 and in her First Set of

Interrogatories served on QT in February 2019.  QT first identified Chapman as the employee in question on July 17, 2019.  Winfield filed her motion for leave on August 18, 2019.  QT has not disputed this timeline.

The third factor is whether Winfield would be significantly injured by the denial of her motion for leave to amend.  Winfield asserts she would be prejudiced by having to file her negligence claim against Chapman in state court.  District courts have recognized that duplicative lawsuits arising out of the same facts in two different courts can be a financial burden to a plaintiff and a waste of judicial resources and could potentially lead to inconsistent results.  *See, e.g., Stephens v. Stardust Ventures, LLC*, No. A-08-CA-404LY, 2008 WL 11334177, at *4 (W.D. Tex. Oct. 17, 2008).  This factor weighs in Winfield's favor.

Finally, we consider any other equitable factors.  We note that Winfield seeks to amend her complaint before the deadlines for joinder and discovery.  In addition, no depositions have been taken and the parties have not responded to any discovery exchanged in this federal proceeding.  Only one order has been issued during the time the case has been pending in federal court—an order granting Winfield's request for the Court to order that section 18.001(b) of the Texas Civil Practice and Remedies Code applies in this case.  We conclude the *Hensgens* factors weigh in favor of permitting the amendment.

Accordingly, Plaintiff's Motion for Leave of Court to File Plaintiff's First Amended Complaint is **GRANTED**.  Because this joinder destroys the Court's diversity jurisdiction, the Court **REMANDS** this case to the County Court at Law No. 5 of Dallas County, Texas.

ORDER – PAGE 3

**SO ORDERED.**

Signed October 4, 2019.

Ada E. Brown
UNITED STATES DISTRICT JUDGE

ORDER – PAGE 4

# Exhibit "C"

Plaintiff's First Amended Complaint

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MARIA S. WINFIELD** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3:19-cv-00612 M** |
| | § | |
| **QUIKTRIP CORPORATION and** | § | |
| **JORDAN CHAPMAN** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1.     NOW COMES, MARIA S. WINFIELD complaining of QUIKTRIP CORPORATION

(hereinafter "Quicktrip") and JORDAN CHAPMAN ("hereinafter Mr. Chapman") and would

show the Court as follows:

### I.
### PARTIES

2.     Plaintiff is a resident of the State of Texas.

3.     Defendant **QUIKTRIP CORPORATION** is a foreign corporation doing business in the

State of Texas, and has filed an Answer, making an appearance in this lawsuit.

4.     Defendant **JORDAN CHAPMAN** is an individual and resident of the City of Sasche, in

Dallas County, Texas. Service of process may be perfected by serving Defendant at his residence:

## 2634 WRANGLER SACHSE, TEXAS 75048 OR WHEREVER HE MAY BE FOUND.

### II.

### JURISDICTION AND VENUE

4.     Plaintiff has not indicated by her pleadings whether her damages exceed $75,00.00, but

Defendant Quiktrip removed this case to Federal court on March 12, 2019 based on a claim of

**PLAINTIFF'S FIRST AMENDED COMPLAINT - 1**

complete on diversity between Plaintiff and Quicktrip. Mr. Chapman was not a party at that time.

5.      With the addition of Defendant Chapman, diversity is destroyed. Accordingly, the case must be remanded to the Dallas County Court No. 5, Dallas County, Texas.

6.      Venue is appropriate in Dallas County, Texas because the incident giving rise to this lawsuit occurred in Dallas County, Texas.

## IV.
## FACTUAL BACKGROUND

7.      On October 8, 2017, Maria S. Winfield was an invitee at a Quiktrip in the City of Garland, Dallas County, Texas. The Quiktrip store was at all times material under the exclusive ownership, management, control and possession of Defendant Quiktrip. Likewise, at all times relevant to Plaintiff's cause of action, Defendant Chapman was an employee at the store.

8.      Ms. Winfield had come on the premises with Defendants' implied knowledge and permission, and she entered the store for the parties' mutual benefit.

9.      On that date, while exiting the store, Ms. Winfield suffered severe injury to her right ankle when she slipped and fell in water, which was coming from a hose used by Defendant Chapman to rinse off the only public entrance/exit to the store. No signs, cones, or other warnings were in place, and no alternative means to exit the store was made available.

10.     Ms. Winfield's bodily injuries occurred as a direct result of a fall that was proximately caused by the wet walkway, which the Defendants knew or, in the exercise of ordinary care, should have known existed.

## V.
## CAUSES OF ACTION

### A.      NEGLIGENT ACTIVITY:

**PLAINTIFF'S FIRST AMENDED COMPLAINT - 2**

11. At all times relevant to Plaintiff's cause of action, Defendant Chapman was a Quiktrip store employee, who used the hose to wash down the pavement of the walkway necessary to enter/exit the store. In hosing down the store's only public entrance/exit, Mr. Chapman had a duty to act as a person of ordinary prudence would have acted in the same or similar circumstances. Mr. Chapman's breach of that duty amounted to negligence, which was the proximate cause of injury to Ms. Winfield, for which she brings suit.

12. Defendant Chapman was responsible for making sure that the store area was free of hazards to invitees such as Plaintiff. Mr. Chapman had actual or constructive knowledge of the wet entrance/exit to the store because it was he who hosed it down. The hosing down of the only entrance/exit was a proximate cause of Ms. Winfield's injury, for which she brings suit.

**B.    PREMISES LIABILITY:**

13. Ms. Winfield was an invitee to the QT store, of which Defendant exercised control. Quickstop and Mr. Chapman had actual or constructive knowledge of the wet entrance/exit to the store because it was Mr. Chapman, Defendant's employee, who hosed it down. The wet entrance/exit was a dangerous condition and the proximate cause of Ms. Winfield's injury, for which she brings suit.

## VII.
## DAMAGES

14. As a result of the above, Plaintiff has suffered and seeks the following damages:

> Medical Expenses: Plaintiff has incurred serious bodily injuries for which she has sought and received *past* reasonable and necessary medical care and treatment. These past medical expenses were incurred for necessary care and treatment for the injuries complained of herein. The charges were both reasonable and the usual and customary charges for the same or similar services at the time and place rendered. Plaintiff also reasonably expects to incur *future* medical expenses in an amount within the jurisdictional limits of this Court;

**PLAINTIFF'S FIRST AMENDED COMPLAINT - 3**

Physical Pain And Mental Anguish: Plaintiff has endured severe physical pain and mental anguish in the *past* and she reasonably expects that she will continue to endure physical pain and mental anguish into the *future* as a result of the injuries made the basis of this suit;

Physical Impairment: Plaintiff has suffered *past* physical impairment that she reasonably expects to continue to suffer physical impairment in the *future* from the injuries made the basis of this suit in the future;

Lost Earning Capacity: Plaintiff has suffered lost earning capacity in the *past* as a result in the injuries sustained, and reasonable expects that such lost earning capacity will continue into the *future*, for which she brings suit.

15.    By reason of the above and foregoing, Plaintiff has been damaged in a sum within the jurisdictional limits of this Court, for which she hereby sues.

## VIII.

## **PRAYER FOR RELIEF**

16.    WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant JORDAN

CHAPMAN be served with this *First Amended Petition*, and that after final trial or hearing of

this cause, Plaintiff recover from Defendants:

1.    Judgment for all economic and non-economic damages, liquidated and un-liquidated, in an amount within the jurisdictional limits of this Court;

2.    Prejudgment and Post-judgment interest at the maximum rate allowed by law;

3.    Costs of suit; and

4.    Such other and further relief, in law or equity, to which Plaintiff may show herself entitled in law or equity.

**PLAINTIFF'S FIRST AMENDED COMPLAINT - 4**

Respectfully submitted,

**AVANT LAW FIRM**

Anjel K. Avant
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
972-705-9600 phone
972-705-9601 fax
anjel@avantlawfirm.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the forgoing was served on all counsel of

record on this 19th day of August via e-mail pursuant to the Federal Rules of Civil Procedure.

Anjel K. Avant

## Exhibit "D"

Notice of Remand

FILED
10/4/2019 4:19 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

**CAUSE NO. CC-19-00294-E**

| | | |
|---|---|---|
| **MARIA S. WINFIELD** | § | **IN THE COUNTY COURT** |
| | § | |
| **vs.** | § | **AT LAW NO. 5** |
| | § | |
| **QUICKTRIP CORPORATION** | § | **DALLAS COUNTY, TEXAS** |

## NOTICE OF ORDER OF REMAND FROM FEDERAL COURT

NOW COMES **MARIA S. WINFIELD**, Plaintiff in the above-styled and -numbered

Cause, and, pursuant to Texas Rule of Civil Procedure 237a, files this Notice that the Honorable

Ada E. Brown, United States District Judge, has remanded this case to the County Court at Law

No. 5 of Dallas County, Texas. A copy of the Order signed October 4, 2019 is attached as Exhibit

"A."

Respectfully submitted,

**AVANT LAW FIRM**

*Kelly MacDevitt*

Anjel K. Avant
State Bar No. 01448470
anjel@avantlawfirm.com
Kelly MacDevitt
State Bar No. 24099699
kelly@avantlawfirm.com
1595 North Central Expressway
Richardson, Texas 75080
972-705-9600 phone
972-705-9601 fax
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of this Notice with attached Order was sent via
fax (214) 999-0551 to Defendant's attorney, Nick Lund, on October 4, 2019, pursuant to the Texas
Rules of Civil Procedure.

*Kelly MacDevitt*
**Kelly MacDevitt**

# EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| MARIA S. WINFIELD | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   Civil Action No. 3:19-CV-00612-E |
| | § |
| QUIKTRIP CORPORATION, | § |
| | § |
| Defendant. | § |

## ORDER

Before the Court is Plaintiff's Motion for Leave of Court to File Plaintiff's First Amended Complaint (Doc. No. 22). Plaintiff seeks to add a nondiverse defendant. Defendant QuikTrip Corporation (QT) did not file a response. After careful consideration, the Court will grant the motion. Because this joinder destroys diversity jurisdiction, the Court will also remand the case to state court.

Plaintiff Maria S. Winfield filed this lawsuit against QT in state court in March 2019. She alleged that on October 8, 2017, she was an invitee at a QT store in Garland, Texas. She further alleged she fell as a result of water coming from a hose a QT employee was using to rinse off the entrance/exit to the store. She pleaded two theories of liability—premises liability and negligent activity. QT removed the case to federal court based on diversity jurisdiction. Winfield is a Texas resident, and QT is an Oklahoma corporation. By her motion, Winfield seeks to amend her complaint to add Jordan Chapman, the QT employee who was using the hose, as a defendant. Chapman is a Texas resident.

ORDER – PAGE 1

If, after removal, a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, we can either deny the motion to amend or grant it and remand to state court. 28 U.S.C. § 1447(e). When considering whether to allow an amended complaint naming a new nondiverse defendant in a removed case, we should scrutinize the amendment more closely than an ordinary amendment. *Hensgens v. Deer & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). There are four factors to consider in determining whether to permit joinder of a nondiverse defendant after removal: 1) the extent to which the purpose of the amendment is to defeat diversity jurisdiction; 2) whether plaintiff has been dilatory in seeking amendment; 3) whether plaintiff will be significantly injured if amendment is not allowed; and 4) any other special equitable factors. *Id.*

Winfield's amended complaint alleges that Chapman was negligent in using the hose to wash down the walkway outside the entrance and exit to the store. As to the first factor, courts have held that when a plaintiff states a viable claim against a nondiverse defendant, it is unlikely that the primary purpose of the amendment is to destroy diversity jurisdiction. *See, e.g., McNeel v. Kemper Cas. Ins. Co.*, No. 3:04-CV-0734, 2004 WL 1635757, at *2 (N.D. Tex. July 21, 2004); *see also Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984) (corporation's employee is personally liable for tortious acts which he directs or participates in during his employment).

As to the second factor, Winfield was not dilatory in seeking to add Chapman. According to Winfield, she requested the identity of the employee who hosed down the walkway in a Request for Disclosure served on QT in January 2019 and in her First Set of

Interrogatories served on QT in February 2019. QT first identified Chapman as the employee in question on July 17, 2019. Winfield filed her motion for leave on August 18, 2019. QT has not disputed this timeline.

The third factor is whether Winfield would be significantly injured by the denial of her motion for leave to amend. Winfield asserts she would be prejudiced by having to file her negligence claim against Chapman in state court. District courts have recognized that duplicative lawsuits arising out of the same facts in two different courts can be a financial burden to a plaintiff and a waste of judicial resources and could potentially lead to inconsistent results. *See, e.g., Stephens v. Stardust Ventures, LLC,* No. A-08-CA-404LY, 2008 WL 11334177, at *4 (W.D. Tex. Oct. 17, 2008). This factor weighs in Winfield's favor.

Finally, we consider any other equitable factors. We note that Winfield seeks to amend her complaint before the deadlines for joinder and discovery. In addition, no depositions have been taken and the parties have not responded to any discovery exchanged in this federal proceeding. Only one order has been issued during the time the case has been pending in federal court—an order granting Winfield's request for the Court to order that section 18.001(b) of the Texas Civil Practice and Remedies Code applies in this case. We conclude the *Hensgens* factors weigh in favor of permitting the amendment.

Accordingly, Plaintiff's Motion for Leave of Court to File Plaintiff's First Amended Complaint is **GRANTED**. Because this joinder destroys the Court's diversity jurisdiction, the Court **REMANDS** this case to the County Court at Law No. 5 of Dallas County, Texas.

**SO ORDERED.**

Signed October 4, 2019.

Ada E. Brown
UNITED STATES DISTRICT JUDGE

## Exhibit "E"

Plaintiff's First Amended Petition

Case 3:19-cv-02652-B Document 4 Filed 11/11/19 Page 47 of 56 PageID 182

FILED
10/4/2019 1:21 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## CAUSE NO. CC-19-00294-E

| | | |
|---|---|---|
| **MARIA S. WINFIELD** | § | **IN THE COUNTY COURT** |
| | § | |
| **vs.** | § | **AT LAW NO. 5** |
| | § | |
| **QUICKTRIP CORPORATION** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

1.    NOW COMES, MARIA S. WINFIELD complaining of QUIKTRIP CORPORATION

(hereinafter "Quicktrip") and JORDAN CHAPMAN ("hereinafter Mr. Chapman") and would

show the Court as follows:

### I.
### PARTIES

2.    **MARIA S. WINFIELD** is an individual who resides in Kaufman County, Texas. The

last three digits of her driver's license number are 196. The last three digits of her social security

number are 686.

3.    Defendant **QUIKTRIP CORPORATION** is a foreign corporation doing business in the

State of Texas, and has filed an Answer, making an appearance in this lawsuit.

4.    Defendant **JORDAN CHAPMAN** is an individual and resident of the City of Sasche, in

Dallas County, Texas. Service of process may be perfected by serving Defendant at his residence:

**2634 WRANGLER SACHSE, TEXAS 75048 OR WHEREVER HE MAY BE FOUND**.

### II.

### JURISDICTION AND VENUE

4.    This case was remanded from Federal court to this court on October 4, 2019

5.    Venue is appropriate in Dallas County, Texas because the incident giving rise to this

**PLAINTIFF'S FIRST AMENDED PETITION - 1**

lawsuit occurred in Dallas County, Texas.

6.      Pursuant to T.R.C.P. Rule 47, Plaintiff hereby seeks monetary relief in an amount that is more than $200,000 and less than $1,000,000. This statement is made for purposes of meeting the requirement of Rule 47 and not for argument to the jury. The monetary relief actually awarded will ultimately be determined by the jury.

## IV.
## FACTUAL BACKGROUND

7.      On October 8, 2017, Maria S. Winfield was an invitee at a Quiktrip in the City of Garland, Dallas County, Texas. The Quiktrip store was at all times material under the exclusive ownership, management, control and possession of Defendant Quiktrip. Likewise, at all times relevant to Plaintiff's cause of action, Defendant Chapman was an employee at the store.

8.      Ms. Winfield had come on the premises with Defendants' implied knowledge and permission, and she entered the store for the parties' mutual benefit.

9.      On that date, while exiting the store, Ms. Winfield suffered severe injury to her right ankle when she slipped and fell in water, which was coming from a hose used by Defendant Chapman to rinse off the only public entrance/exit to the store. No signs, cones, or other warnings were in place, and no alternative means to exit the store was made available.

10.     Ms. Winfield's bodily injuries occurred as a direct result of a fall that was proximately caused by the wet walkway, which the Defendants knew or, in the exercise of ordinary care, should have known existed.

## V.
## CAUSES OF ACTION

### A.      NEGLIGENT ACTIVITY:

**PLAINTIFF'S FIRST AMENDED PETITION - 2**

11.     At all times relevant to Plaintiff's cause of action, Defendant Chapman was a Quiktrip store employee, who used the hose to wash down the pavement of the walkway necessary to enter/exit the store. In hosing down the store's only public entrance/exit, Mr. Chapman had a duty to act as a person of ordinary prudence would have acted in the same or similar circumstances. Mr. Chapman's breach of that duty amounted to negligence, which was the proximate cause of injury to Ms. Winfield, for which she brings suit.

12.     Defendant Chapman was responsible for making sure that the store area was free of hazards to invitees such as Plaintiff. Mr. Chapman had actual or constructive knowledge of the wet entrance/exit to the store because it was he who hosed it down. The hosing down of the only entrance/exit was a proximate cause of Ms. Winfield's injury, for which she brings suit.

## B.     PREMISES LIABILITY:

13.     Ms. Winfield was an invitee to the QT store, of which Defendant exercised control. Quickstop and Mr. Chapman had actual or constructive knowledge of the wet entrance/exit to the store because it was Mr. Chapman, Defendant's employee, who hosed it down. The wet entrance/exit was a dangerous condition and the proximate cause of Ms. Winfield's injury, for which she brings suit.

## VII.
## DAMAGES

14.     As a result of the above, Plaintiff has suffered and seeks the following damages:

> Medical Expenses: Plaintiff has incurred serious bodily injuries for which she has sought and received *past* reasonable and necessary medical care and treatment. These past medical expenses were incurred for necessary care and treatment for the injuries complained of herein. The charges were both reasonable and the usual and customary charges for the same or similar services at the time and place rendered. Plaintiff also reasonably expects to incur *future* medical expenses in an amount within the jurisdictional limits of this Court;

**PLAINTIFF'S FIRST AMENDED PETITION - 3**

Physical Pain And Mental Anguish: Plaintiff has endured severe physical pain and mental anguish in the *past* and she reasonably expects that she will continue to endure physical pain and mental anguish into the *future* as a result of the injuries made the basis of this suit;

Physical Impairment: Plaintiff has suffered *past* physical impairment that she reasonably expects to continue to suffer physical impairment in the *future* from the injuries made the basis of this suit in the future;

Lost Earning Capacity: Plaintiff has suffered lost earning capacity in the *past* as a result in the injuries sustained, and reasonable expects that such lost earning capacity will continue into the *future*, for which she brings suit.

15. By reason of the above and foregoing, Plaintiff has been damaged in a sum within the

jurisdictional limits of this Court, for which she hereby sues.

## VIII.

## PRAYER FOR RELIEF

16. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant JORDAN

CHAPMAN be served with this *First Amended Petition*, and that after final trial or hearing of

this cause, Plaintiff recover from Defendants:

1. Judgment for all economic and non-economic damages, liquidated and un-liquidated, in an amount within the jurisdictional limits of this Court;

2. Prejudgment and Post-judgment interest at the maximum rate allowed by law;

3. Costs of suit; and

4. Such other and further relief, in law or equity, to which Plaintiff may show herself entitled in law or equity.

**PLAINTIFF'S FIRST AMENDED PETITION - 4**

Respectfully submitted,

**AVANT LAW FIRM**

*Anjel Avant*

Anjel K. Avant
State Bar No. 01448470
1595 N. Central Expressway
Richardson, Texas 75080
972-705-9600 phone
972-705-9601 fax
anjel@avantlawfirm.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the forgoing was served on all counsel of

record on this 4th day of October, 2019 via e-mail pursuant to the Texas Rules of Civil

Procedure.

*Anjel Avant*

Anjel K. Avant

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - 5**

# Exhibit "F"

Email of Representation

**From:** Nick Lund <nlund@peavlerbriscoe.com>
**Sent:** Friday, October 4, 2019 10:57 AM
**To:** Anjel Avant <anjel@avantlawfirm.com>
**Cc:** Kyle Briscoe <kbriscoe@peavlerbriscoe.com>; Erika Pina <epina@peavlerbriscoe.com>; Angela Shill <legalsupport2@avantlawfirm.com>; Kelly MacDevitt <Kelly@avantlawfirm.com>
**Subject:** RE: Maria S. Winfield vs. Quicktrip Corporation - Deposition Notice

Anjel—

Thanks for the e-mail!

Regardless of whether Jordan Chapman is formally added as a party, we will be representing him. Feel free to send over an amended depo notice at your convenience. If we need to shift the time around or anything to accommodate the location change, just let me know and we can figure something out.

As to the balance of your questions, we disagree. Plaintiff is certainly entitled to plead whatever she'd like, but we believe strongly that the law disfavors Mr. Chapman being included as a legitimate party, and we intend to oppose any Motion to Remand based upon his addition to this case. Feel free to mark us as opposed.

Let me know if you need anything else on our end. Thanks, and have a great weekend!

Nick

**Nicolas M. Lund**

<image001.jpg>

2215 Westgate Plaza
Grapevine, Texas 76051
Phone: (817) 203-8232
Fax: (214) 999-0551
**nlund@peavlerbriscoe.com**

<image004.jpg>

**CONFIDENTIALITY NOTICE:** The information contained in this email message may be confidential and/or legally privileged. This email message is intended to be reviewed by only the individual(s) recipient(s) named herein. If the reader of this email message is not the intended recipient, such reader is hereby notified that any review, dissemination, or copying of this email message or the information contained herein is prohibited. The transmittal and/or subsequent dissemination of this email message shall not be deemed to waive any attorney-client privilege which may exist with the intended recipient(s). If the reader of this email message has received it in error, the reader should immediately notify the sender by email or by telephone, delete from their system the original email message and return this email message to the sender. This is a communication from a debt collector, and the purpose of this communication is to collect a debt—any information obtained will be used for that purpose.

**From:** Anjel Avant <anjel@avantlawfirm.com>
**Sent:** Wednesday, October 2, 2019 1:41 PM
**To:** Nick Lund <nlund@peavlerbriscoe.com>
**Cc:** Kyle Briscoe <kbriscoe@peavlerbriscoe.com>; Erika Pina <epina@peavlerbriscoe.com>; Angela Shill <legalsupport2@avantlawfirm.com>; Kelly MacDevitt <Kelly@avantlawfirm.com>
**Subject:** Re: Maria S. Winfield vs. Quicktrip Corporation - Deposition Notice

Nick: I've been informed that we will receive a ruling on my Motion for Leave very soon since the SOL is approaching.

If the Motion is granted, and the employee is made a party (1) let me know if you will be representing him; and (2) if you agree to accept service for him. If you are his attorney of record, I would agree to relocating the deposition to your office. Also, if the Motion is granted, I believe the federal court is without jurisdiction and the case must be remanded. Please let me know if you agree or disagree. I ask because if you disagree, I'll file a contested motion with the court.....I'd prefer to know if the deposition will be taken under state or federal rules.

If the Motion is denied, and the employee is not made a party, the issue of your representation and the location of the deposition will be moot because I thought you said previously the employee preferred to handle service and the deposition alone.

Respectfully,

Anjel K. Avant
**Avant Law Firm**
1595 N. Central Expressway
Richardson, Texas 75080
972-705-9600 phone
972-705-9601 fax
Anjel@avantlawfirm.com

On Oct 1, 2019, at 9:19 AM, Nick Lund <nlund@peavlerbriscoe.com> wrote:

> Anjel—
>
> In light of the outstanding Motion for Leave, our firm has been retained to defend Jordan Chapman in this matter.
>
> The most immediate issue will be the upcoming deposition. The date and time will still work, but we'll need to move the deposition to our office, so that we can coordinate him. Are y'all fine with just amending the notice for our office, at the same time, or do we need to look for new dates/times?
>
> Also, we'd like to depose Plaintiff, so whenever you get a chance, can y'all round up and send over a few dates?
>
> Thanks in advance!
>
> Nick
>
> **Nicolas M. Lund**
>
> <image001.jpg>
>
> 2215 Westgate Plaza
> Grapevine, Texas 76051
> Phone: (817) 203-8232
> Fax: (214) 999-0551
> **nlund@peavlerbriscoe.com**

5

# Exhibit "G"

Affidavit Concerning Cost & Necessity of Services

## AFFIDAVIT CONCERNING COST & NECESSITY OF SERVICES

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

Before me, the undersigned authority, personally appeared Anjel K. Avant, who, being by me duly sworn, deposed as follows:

My name is Anjel K. Avant. I am of sound mind and capable of making this affidavit, and personally acquainted with the facts herein stated.

I have been licensed in Texas and practicing personal injury law since 1991. I am licensed to practice in both State and Federal court, and am board certified in personal injury law with the State of Texas. I have represented thousands of clients in personal injury claims involving all types of injuries and death. I have represented numerous clients injured due to dangerous conditions existing on business properties and clients injured due to the negligent activity of employees on business properties. Many of those cases have been the subject of both removals as well as remands.

I have tried more than 350 jury trials and have been appointed by several courts as a Guardian Ad Litem to review settlements involving minors who have sustained bodily injury and other damages. On those appointments, courts have consistently approved an hourly rate for my services at $350.00 per hour.

In response to this second Notice of Remand, it was necessary to review Defendant's pleadings, conduct research, and prepare this Motion for Remand in response. The time taken to review and respond amounted to 10 hours over the course of three days. At a reasonable rate of $350.00 per hour, the necessary reasonable attorney fees would be $3,500.00, which I request this court order Defense counsel pay to discourage similar baseless filings, intended to do nothing but stall litigation, take up both State and Federal courts' time unnecessarily, and further delay trial.

Anjel K. Avant

SWORN TO AND SUBSCRIBED before me on the 11th day of November, 2019.

Notary Public, State of Texas

PATRICIA MARTINEZ
Notary ID #128422642
My Commission Expires
October 21, 2022

Notary's printed name: Patricia Martinez     My commission expires: October 21, 2022