UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MARIA S. WINFIELD, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2652-B |
| QUIKTRIP CORPORATION and JORDAN CHAPMAN, | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Maria Winfield's Motion for Remand (Doc. 4). In this slip-and-fall case, Plaintiff contends that this Court lacks diversity jurisdiction because Plaintiff is a citizen of the same state as Defendant Jordan Chapman. *See* Doc. 4, Pl.'s Mot. for Remand, ¶ 20. Defendants, however, suggest that this Court has diversity jurisdiction because Defendant Chapman was improperly joined. Doc. 5, Defs.' Resp., 14. Because the Court concludes that it lacks jurisdiction under 28 U.S.C. § 1447(d) to consider this dispute, the Court **GRANTS IN PART** Plaintiff's motion for remand (Doc. 4). But because the Court declines to award Plaintiff attorneys' fees, the Court also **DENIES IN PART** Plaintiff's motion.

I.

BACKGROUND

A.  *Factual Background*

On October 8, 2017, Plaintiff Maria Winfield walked into a Quiktrip gas station in Garland, Texas. Doc. 1-2, Ex. 8, Pl.'s First Am. Pet., ¶¶ 7–8. When exiting the store, Plaintiff slipped on water

and fell, injuring her ankle. *Id.* ¶ 9. She alleges that Defendant Jordan Chapman, a Quiktrip store employee, used a water hose to wash down the pavement outside of the store, *id.*, and this action caused her injuries. *Id.* ¶ 10. Accordingly, Plaintiff brings two claims against Defendants Chapman and Quiktrip: negligence and premises liability, respectively. *Id.* ¶¶ 11–13.[1]

B.  *Procedural Background*

While the facts of this case are simple, the procedural history is more complicated. Initially, Plaintiff filed suit against only Defendant Quiktrip in state court. *See* Doc. 1-2, Ex. 1, Pl.'s Orig. Pet. After Plaintiff allegedly failed to clarify the amount of damages she sought, see Doc. 1, Notice of Removal, 7, Defendant Quiktrip removed the action to the United States District Court for the Northern District of Texas under 28 U.S.C. §§ 1441 and 1446. *See* Doc. 1-2, Ex. 3, Def.'s Notice of Removal. Thereafter, Plaintiff filed a motion for remand, see Pl.'s Mot. for Remand, *Winfield v. Quiktrip Corp.*, No. 3:19-cv-0612-E (N.D. Tex. Oct. 4, 2019), ECF No. 4, which the district court denied based on a finding of diversity jurisdiction. *See* Order, *Winfield v. Quiktrip Corp.*, No. 3:19-cv-0612-E (N.D. Tex. Oct. 4, 2019), ECF No. 8.

Subsequently, upon receiving Jordan Chapman's name through a disclosure from Defendant Quiktrip, see Doc. 4, Pl.'s Mot. for Remand, ¶¶ 3–5, Plaintiff filed a motion to file an amended complaint, seeking to name Chapman as a defendant in the suit. *See* Pl.'s Mot. for Leave, *Winfield v. Quiktrip Corp.*, No. 3:19-cv-0612-E (N.D. Tex. Oct. 4, 2019), ECF No. 22. Defendant Quiktrip did not respond to the motion. *See generally Winfield v. Quiktrip Corp.*, No. 3:19-cv-0612-E (N.D.

---

[1] Plaintiff's first amended petition does not specify whether Plaintiff intends to bring a premises-liability claim against only Defendant Quiktrip, or against both Defendants. *See id.* ¶ 13. This matter, however, is irrelevant to the Court's analysis.

Tex. Oct. 4, 2019), ECF Nos. 22–25. The district court[2] granted the motion, and because the joinder of Defendant Chapman destroyed diversity between the parties, remanded the case to state court. Order at 1, *Winfield v. Quiktrip Corp.*, No. 3:19-cv-0612-E (N.D. Tex. Oct. 4, 2019), ECF No. 25.

Upon remand, Plaintiff served Defendant Chapman with her first amended petition. *See* Doc. 1-2, Ex. 8, Pl.'s First Am. Pet.; Doc. 1-2, Ex. E, Case Information, 3–4. Then, Defendants Quiktrip and Chapman timely filed another notice of removal. *See* Doc. 1, Defs.' Notice of Removal. Shortly thereafter, Plaintiff filed another motion to remand, which is now before this Court. *See* Doc. 4, Pl.'s Mot. for Remand. Since the Court has received all briefing for the motion, it is now ripe for review.

## II.

## LEGAL STANDARD

Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," except in civil-rights cases against federal officers and agencies. This rule operates to divest not only appellate courts of jurisdiction to review remand orders, but also district courts. *See Tenbrook v. Am. Home Prods.*, 2005 WL 767723, at *2 (N.D. Tex. Apr. 1, 2005). Moreover, "[t]his bar to appellate review . . . is narrower than the text of the statute would suggest"—only remands based on certain grounds are unreviewable. *See Fontenot v. Watson Pharm., Inc.*, 718 F.3d 518, 520 (5th Cir. 2013) (citations omitted). Nonetheless, the bar on review of remand orders extends to orders based on 28 § U.S.C. 1447(e). *See Fontenot*, 718 F.3d at 520–21 (citing *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007)). Pursuant to 28

---

[2] This prior case was transferred to another District Judge in the Northern District of Texas after Plaintiff filed her motion. *See* Special Order 3-335, *Winfield v. Quiktrip Corp.*, No. 3:19-cv-0612-E (N.D. Tex. Oct. 4, 2019), ECF No. 24.

U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

### III.

### ANALYSIS

This dispute centers on whether Defendant Chapman was improperly joined as a defendant, and whether the Court can even consider his alleged improper joinder. Related to these issues, the parties contest several matters.

First, they dispute whether this Court may consider Defendants' improper-joinder argument, despite that Defendants raised the argument post-removal. *See* Doc. 4, Pl.'s Mot. for Remand, 4–6; Doc. 5, Defs.' Resp., 12 (stating that the "sole issue" is whether improper joinder applies).[3] Second, they contest the merits of Defendants' improper-joinder allegation. *See* Doc. 5, Defs.' Resp., 14–17; Doc. 8, Pl.'s Reply, 3–9.[4] Third, they disagree upon whether the removal at hand is based on grounds already considered in the previous remand order, and, relatedly, whether this Court has jurisdiction to consider the alleged improper joinder under 28 U.S.C. § 1447(d). *See* Doc. 4, Pl.'s Mot. for Remand, 6–8; Doc. 5, Defs.' Resp., 12–13. Fourth, they dispute whether the Court should award Plaintiff attorneys' fees if it grants Plaintiff's motion for remand. *See* Doc. 4, Pl.'s Mot. for Remand, 8–9; Doc. 5, Defs.' Resp., 17–19.

---

[3] The Court declines to address this argument, given that it concludes it lacks jurisdiction.

[4] Plaintiff did not explicitly address the merits of the improper-joinder argument in her motion for remand. *See* Doc. 4, Pl.'s Mot. for Remand. But the Court need not determine whether it may consider Plaintiff's merits-related argument set forth in her reply brief, because the Court does not reach the merits of Defendants' improper-joinder allegation.

Regardless of the propriety of raising improper joinder after removal and the merits of the improper-joinder allegation, the Court lacks jurisdiction to consider improper joinder here. Such consideration would constitute a review of another district court's remand order, which is prohibited by 28 U.S.C. § 1447(d). Accordingly, the Court **GRANTS IN PART** Plaintiff's motion for remand. Nevertheless, the Court **DENIES IN PART** Plaintiff's motion to the extent she seeks attorneys' fees.

A.  *This Court Lacks Jurisdiction to Reconsider the Previous Remand Order.*

Here, another district court in the Northern District of Texas previously remanded this case under 28 U.S.C. § 1447(e). *See* Doc. 1-2, Ex. "A," Order, 1–2 (remanding the case and noting that if a plaintiff seeks to add a nondiverse defendant, the court can deny the plaintiff's motion, or grant it and remand to state court) (citing 28 U.S.C. § 1447(e)). Thus, under 28 U.S.C. § 1447(d), this Court lacks jurisdiction to review the previous remand order. *See Fontenot*, 718 F.3d at 521.

By alleging improper joinder of Defendant Chapman, Defendants essentially suggest that—contrary to the district court's order remanding the case—there was still diversity between parties after the joinder of Defendant Chapman, because his citizenship could be disregarded. Doc. 5, Defs.' Resp., 14; *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018) ("If a party is improperly joined, a court may disregard the party's citizenship for purposes of determining subject matter jurisdiction.").

But in its remand order, the court examined "the extent to which the purpose of the amendment [was] to defeat diversity jurisdiction . . . ." *See* Doc. 1-2, Ex. "A," Order, 2 (citation omitted). The court noted that an amendment's purpose is unlikely to defeat jurisdiction "when a plaintiff states a viable claim against a nondiverse defendant . . . ." *Id.* (citation omitted). After mentioning Plaintiff's allegation against Defendant Chapman—that he was negligent in using the

water hose—the court cited to one case imposing personal liability on an employee for his tortious acts. *See id.* (citing *Leyendecker & Assocs. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984)). Based on this reasoning, along with the consideration of other factors, the court permitted the joinder of Defendant Chapman. *Id.* at 1 & 3. And recognizing that this joinder "destroy[ed] diversity jurisdiction," the court remanded the case to state court. *Id.*

While Defendants are correct that the remand order did not explicitly address the improper-joinder doctrine,[5] see Doc. 5, Defs.' Resp., 13, the district court nevertheless concluded that it lacked subject matter jurisdiction after the joinder of Chapman. Doc. 1-2, Ex. "A," Order, 1. Defendants ultimately ask this Court to alter that conclusion by finding that it has subject matter jurisdiction over the case. *See* Doc. 5, Defs.' Resp., 3. The Court declines to do so.

Further, the Court rejects Defendants' suggestion that they have asserted a "new and different basis" for jurisdiction. *Id.* at 12–13. When a defendant raises "a different factual basis for seeking removal" after a remand order, this new basis "is not deemed adjudicated" with a prior remand order. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 493 (5th Cir. 1996); *see, e.g.*, *Mitchell v. ASCO of Texas L.P.*, 2010 WL 3784118, at *2 (W.D. Tex. Sept. 23, 2010) (finding a second removal attempt based on a different factual basis where the plaintiff amended her complaint to specify the scope of injunctive relief sought). Defendants seem to suggest that the joinder of Defendant Chapman constitutes a factual basis distinct from that underlying Defendant Quiktrip's *initial* removal, which was based on diversity between Defendant Quiktrip and Plaintiff. *See* Doc. 5,

---

[5] This Court notes that Defendant Quiktrip did not raise the issue of improper joinder to the district court considering joinder of Defendant Chapman. In fact, Defendant Quiktrip did not even respond to Plaintiff's motion to amend her complaint. *See generally Winfield v. Quiktrip Corp.*, No. 3:19-cv-0612-E (N.D. Tex. Oct. 4, 2019), ECF Nos. 22–25.

Defs.' Resp., 11–12. While this might be true, Defendants ignore the fact that a new factual basis must be one that was not "deemed adjudicated with [a] prior remand order . . . ." *S.W.S. Erectors*, 72 F.3d at 493. Here, the facts before the Court are identical to those before the district court that remanded this case: Plaintiff, a citizen of Texas, is suing Defendants Quiktrip and Chapman, citizens of Oklahoma and Texas, respectively. *Compare* Doc. 1, Notice of Removal, 2, *with* Doc. 1-2, Ex. "A," Order, 1. Accordingly, Defendants do not present "a different factual basis for seeking removal" from that considered in the prior remand order. *See S.W.S. Erectors*, 72 F.3d at 493.

Rather, Defendants' request for this Court to reconsider subject matter jurisdiction is "nothing more than an artful, if not subtle, attempt to circumvent the plain language and meaning of 28 U.S.C. § 1447(d), which provides that a remand order 'is not reviewable on appeal *or otherwise*.'" *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir. 1986) (per curiam) (quoting 28 U.S.C. § 1447(d)). Thus, the Court holds that it lacks jurisdiction to reconsider the remand order, **GRANTS IN PART** Plaintiff's motion for remand (Doc. 4), and **REMANDS** this case to the County Court at Law No. 5 of Dallas County, Texas.

B. *Because Defendants Had an Objectively Reasonable Basis for Removal, the Court Declines to Award Attorneys' Fees to Plaintiff.*

Plaintiff asks the Court to award her attorneys' fees incurred in relation to her motion to remand under both 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 11. Doc. 4, Pl.'s Mot. for Remand, 8. Given Defendants' objectively reasonable basis for removal, the Court will not do so.

1. <u>28 U.S.C. § 1447(c)</u>

Under 28 U.S.C. § 1447(c), when a district court remands a case, it "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

While the court should not consider a defendant's motive for removal in deciding whether to require payment of attorneys' fees, it should consider "whether the defendant had objectively reasonable grounds to believe removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292–93 (5th Cir. 2000).

Here, Defendants' removal was based on the legal theory that Defendant Chapman, though a citizen of the same state as Plaintiff, was improperly joined. *See* Doc. 5, Defs.' Resp., 3. Such a theory can support a defendant's "reasonable belief that removal was proper . . . ." *See Valdes*, 199 F.3d at 293. While Defendants overlooked (or perhaps disregarded) this Court's inability to reconsider the previous remand order, see 28 U.S.C. § 1447(d), the Court does not find Defendants' grounds for removal to be objectively unreasonable. Rather, it appears Defendants attempted to assert a plausible argument at the wrong stage of the proceedings: rather than alleging improper joinder in response to Plaintiff's motion to amend her complaint, Defendants raised that argument after the district court had concluded it lacked jurisdiction and remanded the case. Under these circumstances, the Court does not find Defendants' removal objectively unreasonable and will not award attorneys' fees to Plaintiff under 28 U.S.C. § 1447(d).

2. Federal Rule of Civil Procedure 11(b)

Federal Rule of Civil Procedure 11(b)(1) prohibits attorneys from filing pleadings for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" If a court determines that Rule 11(b) was violated, it may impose sanctions upon the attorney or party responsible for the violation. FED. R. CIV. P. 11(c)(2). Given that the Court finds Defendants' grounds for removal to be objectively reasonable, it does not find the removal to be for an improper purpose. Thus, the Court declines to sanction Defendants under Rule 11 and **DENIES**

**IN PART** Plaintiff's motion for remand (Doc. 4).

IV.

CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Remand (Doc. 4) and **REMANDS** this case to the County Court at Law No. 5 of Dallas County, Texas, with each party to bear its own costs.

**SO ORDERED.**

**SIGNED: December 20, 2019.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE